# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

m 99-10134

---

PENELOPE Y LARY,
TEMPORARY ADMINISTRATOR OF
THE ESTATE OF DAVID H. CONSTANTINE,

Plaintiff-Appellant,

VERSUS

DALLAS AREA RAPID TRANSIT;
VICTOR BURKE; ROGER SNOBLE,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Texas

---

May 3, 2000

---

Before REAVLEY, SMITH, and
EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Appellees moved to dismiss for want of appellate jurisdiction pursuant to FED. R. APP. P. 27. We grant the motion and dismiss the appeal.

Eighteen days after entry of summary judgment, appellant moved to reconsider; the eighteen days exceeded the time allowed under FED. R. CIV. P. 59(e), which requires that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment." The district court incorrectly extended the deadline for filing the motion to reconsider by applying FED. R. CIV. P. 6(e).[1]

Rule 6(e) does not apply to rule 59(e) judgments. *See Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 467-68 (5th Cir. 1998), *cert. denied*, 526 U.S. 1005 (1999). Consequently, the motion to reconsider was untimely and did not toll the thirty-day deadline for filing notice of appeal. *See Washington v. Patlis*, 868 F.2d 172, 174 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Including weekends, application of rule 6(e)'s three-day extension would have rendered the motion to reconsider timely.

Cir. 1989).

Appellant contends that her notice of appeal was timely under FED. R. APP. P. 4(a)(5)(A),[2] because her counsel mistakenly believed rule 6(e) applied. We have rejected this argument in a case with strikingly similar procedural facts. In *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 878-80 (5th Cir. 1998), we held that counsel's mistaken belief that, pursuant to rule 6(e), he had three extra days to file a motion for new trial, did not constitute "excusable neglect" warranting extension of time to file a notice of appeal.

We are without jurisdiction, so the motion to dismiss is GRANTED, and the appeal is DISMISSED.

---

[2] Rule 4(a)(5)(A) provides that "[a] district court may extend the time to file a notice of appeal if (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) that party shows excusable neglect or good cause."