**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 00-10499
(Summary Calendar)

---

LEE JEROME BOLDEN,

Plaintiff-Appellant,

versus

BELL DAIRY PRODUCTS, INC.,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Northern District of Texas, Lubbock
5:00-CV-19-C

---

January 19, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Lee Jerome Bolden ("Bolden") appeals from the district court's dismissal of his Title VII complaint. We affirm the district court's ruling.

On January 20, 2000, Bolden filed a complaint in the district court against Bell Dairy Products, Inc. ("Bell Dairy"). Bell Dairy filed a motion to dismiss Bolden's suit pursuant to Rules 8(a), 8(e)(1), 12(b)(1), 12(b)(6), and 12(c) of the Federal Rules of Civil Procedure. The district court granted Bell Dairy's motion, and Bolden now appeals.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the district court's ruling dismissing Bolden's complaint de novo. <u>See Kennedy v. Tangipahoa Parish Library Bd. of Control</u>, 224 F.3d 359, 365 (5th Cir. 2000). The court did not err in dismissing Bolden's complaint. The complaint, entitled "Petition in Part," wholly failed to allege any facts upon which a cause of action could be based. Instead, Bolden made allegations that simply do not establish employment discrimination. For example, he alleged that he was not given relief for lunch or breaks during shifts of eight hours or more and that, under such circumstances, any reasonable person would have felt compelled to resign.

Also, the pleadings indicate that the statute of limitations has expired in this case. According to a letter attached to Bolden's pleadings, in which the Equal Employment Opportunity Commission ("EEOC") dismissed his complaint, he was terminated on February 22, 1998. However, as is set forth in the letter, he did not file his complaint with the EEOC until August 13, 1999, over 200 days after the expiration of the applicable statute of limitations, which requires an individual to file a charge within 300 days after the alleged unlawful employment practice occurred. <u>See</u> 42 U.S.C. § 2000e-5(e)(1); <u>Washington v. Patlis</u>, 868 F.2d 172, 175 (5th Cir. 1989).

For the foregoing reasons, we AFFIRM the district court's dismissal of Bolden's complaint. AFFIRMED.