United States Court of Appeals
Fifth Circuit

**F I L E D**

February 17, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40670
Conference Calendar

_____

ELIJAH W. RATCLIFF; ET AL.,

                                        Plaintiffs,

ELIJAH W. RATCLIFF,

                                        Plaintiff-Appellant,

versus

BRIAN KEITH RAINWATER; FARM BUREAU INSURANCE,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:02-CV-71
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Elijah W. Ratcliff appeals the district court's judgment in favor of Brian Keith Rainwater in this diversity action following a jury trial in which the jury determined that Rainwater did not intentionally cause his vehicle to crash into Ratcliff's vehicle and that Ratcliff's negligence caused the accident. This court must examine the basis of its jurisdiction on its own motion if

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

necessary. <u>United States v. Lister</u>, 53 F.3d 66, 68 (5th Cir. 1995). A timely notice of appeal is a jurisdictional prerequisite to judicial review. <u>United States v. Carr</u>, 979 F.2d 51, 55 (5th Cir. 1992). The notice of appeal in a civil action must be filed within 30 days of the entry of the judgment or order from which the appeal is taken. FED. R. APP. P. 4(a)(1).

Ratcliff did not file his notice of appeal within 30 days of the entry of judgment. Ratcliff's motion for a mistrial was not filed within ten days of the entry of the judgment. <u>Id</u>. at 606. Therefore, it cannot be considered a FED. R. CIV. P. 59(e) motion, and it did not toll the time for filing a notice of appeal. <u>See</u> <u>Washington v. Patlis</u>, 868 F.2d 172, 174 (5th Cir. 1989). Ratcliff's notice of appeal was timely filed within thirty days of the denial of his postjudgment motion for a mistrial. Because the notice of appeal was timely as to the denial of that motion, we have jurisdiction to consider the issues raised in that motion. <u>See</u> <u>Carr</u>, 979 F.2d at 55.

Ratcliff argues that: (1) the trial court abused its discretion in failing to enter a default judgment against Rainwater; (2) the trial court abused its discretion in denying his motion for leave to file an amended petition; (3) the trial court abused its discretion in refusing to require Rainwater to comply with discovery requirements; (4) the trial court abused its discretion in not sanctioning Goldstar EMS for refusing to answer interrogatories; (5) the trial court erred in dismissing

his claim against Farm Bureau Insurance Company; (6) the trial court erred in dismissing Allstate Insurance Company as an involuntary plaintiff; (7) the trial court erred in not allowing Ratcliff to amend his complaint; (8) the trial judge erred in not recusing himself; (9) the trial court abused its discretion in selecting seven jurors instead of twelve and in telling the jury that the trial would probably not last more than one day; (10) the trial court erred in not allowing Ratcliff to read his deposition testimony at trial; (11) the trial court erred in not allowing Ratcliff to present the transcript of the trial on his traffic ticket in state court; and (12) the trial court erred in requiring Ratcliff to speak from the podium during the trial.

Because Ratcliff's postjudgment motion was filed more than ten days after the entry of the judgment, it should be construed as a FED. R. CIV. P. 60(b) motion. See Texas A&M Research Found. v. Magna Transp. Inc., 338 F.3d 394, 400 (5th Cir. 2003). Ratcliff does not assert any of the grounds for relief listed under Rule 60(b); his arguments challenge only the underlying judgment, which is beyond the scope of this court's review. See Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996) (en banc). Ratcliff therefore has not shown that the district court's denial of his Rule 60(b) motion was "so unwarranted as to constitute an abuse of discretion." See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981).

Ratcliff's appeal is without arguable merit and is frivolous. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it should be dismissed. <u>See</u> 5TH CIR. R. 42.2.

APPEAL DISMISSED.