**Joe D. URRUTIA, Plaintiff–Appellant,**

**v.**

**VALERO ENERGY CORP. and Jerry Woodson, Defendants–Appellees.**

**No. 87–5548.**

United States Court of Appeals, Fifth Circuit.

March 31, 1988.

James A. Kosub, Kosub & Gaul, San Antonio, Tex., for plaintiff-appellant.

Michael L. Foreman, John F. Suhre, E.E.O.C., Washington, D.C., amicus—E.E.O.C.

Shelton E. Padgett, Kaufman, Becker, Clare & Padgett, Kris J. Bird, San Antonio, Tex., for defendants-appellees.

Roger Townsend, Houston, Tex., W. Wendall Hall, San Antonio, Tex., amicus—Texas Ass'n of Business.

Before RUBIN, WILLIAMS and DAVIS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

This case raises the question whether the EEOC's 300–day filing period for employment discrimination claims under Title VII, 42 U.S.C. §§ 2000e *et seq.*, is available when the appellant failed to file his claim with the Texas Commission within its 180 day limitation period. The Equal Employment Opportunity Commission (EEOC) has a typical worksharing agreement with the Texas Commission on Human Rights (TCHR). Another panel of this Court has now held that a filing within the 300 day period is timely. That case controls our decision unless there are distinguishing circumstances. We find none.

I. FACTS AND PRIOR PROCEEDINGS

Appellant was employed as a chemist by appellee Valero Energy Corporation between 1977 and early 1985. In November, 1984, appellee Woodson, a Valero official, evaluated appellant's and two other employees' job performance. Woodson rated appellant "good" but the others "excellent," with the result that the others received higher percentage raises than did appellant. Appellant is Mexican–American; the other two are Anglo–Caucasians. Appellant complained to appellees that their employment practices were discriminatory. Valero terminated appellant's employment on January 3, 1985, on the ground that he had allegedly threatened to blow up the company's laboratory. Appellant contends that his job performance was equal to that of the others, that he had not made the threats for which he was supposedly discharged, and that appellees terminated his employment because he was a Mexican–American and because he had complained of their discriminatory practice.

Appellant filed a discrimination complaint with the EEOC on August 8, 1985, 217 days after the alleged discriminatory discharge.[1] The EEOC processed the claim and issued appellant a right to sue letter on May 22, 1986. Appellant filed this suit in the district court August 21, 1986.

Without proceeding to the merits, the district court granted appellees' motion for summary judgment on the ground that appellant had failed to comply with Title VII's filing requirements in two respects:

(1) Appellant had failed to file his complaint with the EEOC within the statutory 180–day requisite period. Filing 217 days after the last alleged violation did not bring him within the additional time period (allowing filing with the EEOC within 300 days of the last violation) permitted by 42 U.S.C. § 2000e–5(e) because he had not "initially instituted" his charge with the TCHR.

(2) Since the Texas Commission on Human Rights Act required that charges of discrimination be filed with the TCHR "within 180 days after the date the alleged unlawful employment practice occurred," and "untimely complaints shall be dismissed by the commission," Tex.Rev.Civ. Stat.Ann., art. 5221k, § 6.01(a) (Vernon 1983), appellant's claim before the TCHR was time-barred. Then, since the TCHR was not an agency "with authority to grant or seek relief" from the alleged violation because limitations had run, the court held that the extension to 300 days for filing with the EEOC provided by § 2000e–5(e) did not apply.

42 U.S.C. § 2000e–5(e) states, in relevant part:

A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred ..., except that in a case ... with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief ..., such charge shall be filed ... within

---

1. In accordance with routine practice, the EEOC transmitted a copy of the complaint to the TCHR the same day to notify the latter of its receipt. Under terms of the Worksharing Agreement between the EEOC and the TCHR, the EEOC had exclusive responsibility for reviewing all Title VII charges received by the EEOC between 180 and 300 days after the alleged violation. Accordingly, the EEOC alone handled the claim.

three hundred days after the alleged unlawful employment practice occurred[.]

In a thoughtful opinion, the district court explicated its reasons for holding that this statutory language barred appellant's claim. It concluded that appellant did not "initially institute" his charge of discrimination with the TCHR; that even if he had done so, the TCHR lacked "authority to grant or seek relief from such practice"; and that the 300–day filing period under § 2000e–5(e) was therefore unavailable to him. Other courts have similarly held in the past.[2]

## II.  ANALYSIS OF ISSUES ON APPEAL

We have recently held that the 300–day filing period provided in 42 U.S.C. § 2000e–5(e) for cases in which state or local referral agency proceedings have been instituted applies whether or not these other proceedings were timely instituted under state or local law. *Mennor v. Fort Hood National Bank*, 829 F.2d 553, 556 (5th Cir.1987). The majority of Circuit Courts of Appeal have held similarly.[3] *Mennor* was decided following the district court's decision in the present case and binds this Court. *Mennor*, however, does not cover specifically the arguments advanced by the district court in this case. So we respond briefly to them.

**2.**  See, e.g., *Dixon v. Westinghouse Electric Corp.*, 787 F.2d 943 (4th Cir.1986); *Lowell v. Glidden–Durkee, Division of SCM Corp.*, 529 F.Supp. 17 (N.D.Ill.1981); *Battle v. Clark Equipment, Brown Trailer Div.*, 524 F.Supp. 683 (N.D.Ind. 1981).

**3.**  See e.g., *Gilardi v. Schroeder*, 833 F.2d 1226, 1229–33 (7th Cir.1987); *Maurya v. Peabody Coal Co.*, 823 F.2d 933 (6th Cir.1987); *EEOC v. Shamrock Optical Co.*, 788 F.2d 491 (8th Cir.1986); *Seredinski v. Clifton Precision Products Co., a Div. of Litton Systems, Inc.*, 776 F.2d 56, 62 (3d Cir.1985) (Claims must be filed within 240 days if not filed previously with state referral agency.); *Thomas v. Florida Power and Light Co.*, 764 F.2d 768, 771 (11th Cir.1985); *Smith v. Oral Roberts Evangelistic Ass'n, Inc.*, 731 F.2d 684 (10th Cir.1984) (Claims must be filed within 240 days unless state referral agency completes consideration prior to end of 300–day period). See also 29 C.F.R. § 1601.13(a) (1987).

**4.**  *EEOC v. Commercial Office Products Co.*, 803 F.2d 581, 585–86 (10th Cir.1986), *cert. granted,*

### A.  *Initially Instituted*

Appellant did not initially file his claim with the TCHR as § 2000e–5(e), read literally, seems to require. The cases hold, however, that the requirement that persons aggrieved must initially institute proceedings with the state referral agency is met by the EEOC's routine transmittal of a copy of the complaint to the state referral agency, as was done in this case.[4] Here the EEOC transmitted a copy of the "Charge of Discrimination" form (which was captioned "TEXAS COMMISSION ON HUMAN RIGHTS and EEOC") to the TCHR the same day it was received, August 8, 1985.[5]

To require more would merely impose a meaningless bureaucratic ritual on these agencies. Under terms of the Worksharing Agreement, the TCHR had already agreed that the EEOC was to have exclusive responsibility for processing all claims filed between 180 days and 300 days after alleged violations of Title VII.[6] Since the TCHR had already waived jurisdiction over Title VII claims filed within this time frame, all that was required to institute state proceedings was a nominal filing with the TCHR, which was accomplished when the EEOC transmitted appellant's discrimination charge on a standard form on August 8, 1985. We hold that such proceedings were thereby initially instituted.[7]

—— U.S. ——, 107 S.Ct. 3208, 96 L.Ed.2d 695 (1987); *Isaac v. Harvard University*, 769 F.2d 817, 819 (1st Cir.1985). *But see Dixon*, 787 F.2d at 945–46.

**5.**  The fact that the next day, August 9, the acting EEOC area director wrote appellant stating that a "courtesy copy" of his complaint had been forwarded to the TCHR "for their information only" is legally irrelevant. The form the EEOC sent the TCHR on August 8 was the same used regularly for complaints and transmittals forwarded to the TCHR.

**6.**  Worksharing Agreement Between the Equal Employment Opportunity Commission and the Texas Commission on Human Rights, § 4(c)(8).

**7.**  We briefly address a question not raised on this appeal but relevant to the issues involved in it. Section 2000e–5(c) provides that when state law has established an appropriate referral agency, no charge may be filed with the EEOC

## B. *Having Authority*

 The district court's second theory, likewise must give way to this Court's holding in *Mennor* that the 300–day period for filing with the EEOC is available whether or not other proceedings are timely instituted under state or local law.

The district court found that the TCHR lacked authority to act on appellant's complaint. We disagree. Under the Worksharing Agreement, the TCHR had waived exclusive jurisdiction over Title VII actions; but it clearly was an agency having state-law authority to provide for the execution of the policies embodied in Title VII. It had the power to function as an authority that meets the criteria of 42 U.S.C. § 2000e–5(c), and to grant or seek relief from discriminatory employment practices of the kinds alleged by appellant.[8] It had waived the exercise of that authority by agreement, however, with the specific understanding that the waiver applied only to claims filed from 180–300 days. We hold that the TCHR was a state agency with "authority" to grant or seek relief from the practices here charged.[9]

Appellant, therefore, is entitled to the benefit of the 300–day filing period. We add that this is the position taken by the EEOC in its *amicus* brief. The EEOC urges that appellant is entitled to the 300–day filing period under § 2000e–5(e).

## III. CONCLUSION

We hold that appellant's filing of his employment discrimination complaint was within the limitation period. We reverse the district court's summary judgment in favor of appellees and remand for further proceedings consistent with this opinion.[10]

REVERSED AND REMANDED.

---

8. TEX.REV.CIV.STAT.ANN. art. 5221k, §§ 1.02, 3.02, 5.01, 5.05(a)(1) (Vernon 1987); 42 U.S.C. § 2000e–5(c).

9. *See Rasimas v. Michigan Department of Mental Health,* 714 F.2d 614, 620–22 (6th Cir.1983).

10. Our decision finding compliance with limitation requirements makes it unnecessary to consider appellant's "equitable tolling" argument. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).

by the person aggrieved "before the expiration of sixty days after proceedings have been commenced under the State or local law, *unless such proceedings have been terminated."* 42 U.S.C. § 2000e–5(c). Emphasis added.

Clearly the 60–day waiting period does not apply on these facts. The TCHR had waived jurisdiction over the kinds of claims filed by appellant. We hold that the TCHR's proceedings constructively terminated on receipt of the August 8, 1985 Charge of Discrimination form. Under terms of the Worksharing Agreement, there was nothing further that the TCHR could have done with regard to appellant's claims. *See Isaac,* 769 F.2d at 827–28.