Colette A. WASHINGTON,
Plaintiff–Appellant,

v.

Herbert PATLIS and Dennis Patlis,
d/b/a Pico's Restaurant,
Defendants–Appellees.

Nos. 88–1208, 88–1804
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 22, 1989.

Colette A. Washington, pro se.

Lamont N. White, EEOC, Washington, D.C., for amicus EEOC.

Charles D. Olson, Waco, Tex., for defendants-appellees.

Before RUBIN, DAVIS, and GARWOOD, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

At issue is the timeliness of two filings: the notice of appeal invoking the jurisdiction of this court, and the underlying charge of discrimination with the Equal Employment Opportunity Commission requisite to invoking the jurisdiction of the district court. We hold both filings timely,

reverse the judgment, and remand the case to the district court.

## I.

Colette Washington worked as a cook, counter girl, cashier, and supervisor at the Picopollo Restaurant from April 1, 1984, until she was discharged on January 21, 1985. On October 3, 1985, she wrote the EEOC claiming that her discharge was the result of racial discrimination. The EEOC transmitted a copy of this complaint to the Texas Commission on Human Rights (TCHR) on October 30, pursuant to a worksharing agreement between the two agencies, and also sent a notice of the charge to Pico's Restaurant. Washington filed a formal charge with the EEOC on December 18, and a year later the EEOC issued her a notice of right to sue.

The district court dismissed the claim on February 19, 1988. It found that Washington had filed her charge of discrimination with the EEOC on October 3, 1985, 262 days after her termination, but concluded that since she did not institute proceedings with a state agency, her suit was time-barred under the applicable 180–day filing period.[1]

On March 15, 1988, Washington filed *pro se* a Motion For Reconsideration and to Vacate Judgment or Alternatively Notice of Intent to Appeal in which she asked the district court primarily to reconsider its February 19 order. Three days later, on March 18, she filed *pro se* in the court of appeals a Motion to Vacate Judgment, petitioning the court to overturn the district court's decision. On March 22, after reconsidering its February 19 order, the district court denied Washington's March 15 Motion for Reconsideration. Washington filed *pro se* a Notice of Appeal in the district court on March 25. This was virtually identical to her March 18 petition.

Pico's Restaurant contends that not only was Washington's charge of discrimination filed after the 180–day statutory time limit, but also that her March 25 Notice of Appeal was not filed within 30 days after the

---

1. 42 U.S.C. § 2000e–5(e) (West 1981).

district court had entered its February 19 judgment, thus failing to comply with Rule 4(a)(1) of the Federal Rules of Appellate Procedure.

## II.

We first consider the jurisdiction of this court to hear Washington's appeal.

■ In her March 15 Motion For Reconsideration and to Vacate Judgment or Alternatively Notice of Intent to Appeal, Washington asked the district court "to reconsider it[']s order given February 19, 1988." After enunciating at length the factual and legal bases upon which her motion for reconsideration lay, Washington added: "Alternatively if the court does not wish to grant my motion[,] I would like for the court to consider this writing as a notice of intent to file an appeal to the United States Court of Appeals for the Fifth Circuit."

The March 15 motion fails as a notice of appeal. While "the notice of appeal requirement may be satisfied by any statement, made either to the district court or to the Court of Appeals, that clearly evinces the party's intent to appeal," [2] this court has set "limits" to the "latitude" provided to appellants.[3] In particular,

> [i]f the appellant's submissions to the district court ask primarily for reconsideration and only secondarily for leave to appeal, ... [R]ule [3 F.R.App.P.] has not been satisfied.[4]

Because it is clear from the record that the primary relief sought in Washington's March 15 motion is reconsideration of the February 19 order, and leave to appeal is requested only if reconsideration is denied,

we cannot consider Washington's March 15 motion a notice of appeal.[5]

■ Filed more than 10 days after entry of the district court judgment, this motion is also time-barred from qualifying as a motion to alter or amend a judgment under Rule 59(e) F.R.Civ.P.,[6] and, therefore, fails to toll the time for taking an appeal.[7] While the district court "reconsidered" its February 19 order on the basis of Washington's March 15 motion, the court had no jurisdiction to engage in such a reconsideration.

> The "ten day period is jurisdictional, and 'cannot be extended in the discretion of the district court.'" de la Fuente v. Central Electric Cooperative, Inc., 703 F.2d 63, 65 (3d Cir.1983) (per curiam) (quoting Gribble v. Harris, 625 F.2d 1173, 1174 (5th Cir.1980) (per curiam). An untimely motion, even if acted upon by the district court, cannot toll the time for filing a notice of appeal. The ten day limit for filing a Rule 59 motion is clearly set forth in the Rule. It is equally clear that a district court may not extend or waive the ten day limit. Rule 6, Fed.R.Civ.P.; de la Fuente, 703 F.2d at 65.[8]

Instead of considering and denying Washington's March 15 Motion for Reconsideration, the district court should have dismissed it as untimely filed under Rule 59(e). Washington's March 15 motion and the district court's March 22 reconsideration are, therefore, irrelevant to the time period in which Washington must file a notice of appeal.

■ Washington's March 18 Motion to Vacate Judgment, in contrast to the March 15 motion, sought solely to "appeal," "vacate," and "overturn" the judgment of the district court. Filed within 30 days of the

2. *Cobb v. Lewis*, 488 F.2d 41, 45 (5th Cir.1974). *See Yates v. Mobile County Personnel Board*, 658 F.2d 298, 299 (5th Cir.1981); Fed.R.App.P. 3(c).

3. *Page v. DeLaune*, 837 F.2d 233, 237 (5th Cir. 1988).

4. *Page*, 837 F.2d at 237; *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir.1987).

5. *See Mosley*, 813 F.2d at 660.

6. Rule 59(e) F.R.Civ.P. provides that a "motion to alter or amend the judgment shall be served

not later than 10 days after entry of the judgment."

7. *See* Rule 4(a)(4) F.R.App.P.

8. *Smith v. Evans*, 853 F.2d 155, 157 (3rd Cir. 1988). *See Gribble v. Harris*, 625 F.2d 1173, 1174 (5th Cir.1980); *Martin v. Wainwright*, 469 F.2d 1072, 1073 (5th Cir.1972), *cert. denied*, 411 U.S. 909, 93 S.Ct. 1538, 36 L.Ed.2d 199 (1973).

district court's February 19 judgment, this motion functioned as a valid notice of appeal. Although Washington erroneously filed the motion in the court of appeals, Rule 4(a)(1) F.R.App.P. directs "the clerk of the court of appeals" in such an instance to "note thereon the date on which it was received and transmit it to the clerk of the district court and it shall be deemed filed in the district court on the date so noted." Washington's March 18 motion filed in the court of appeals, therefore, preserves her right to appeal. Her March 25 Notice of Appeal, filed with the district court three days after the district court's improper reconsideration of her claims, was superfluous.

### III.

Washington filed her charge of discrimination with the EEOC on October 3, 1985, 262 days after her discharge, and the EEOC transmitted this complaint to the Texas Commission on Human Rights on October 30, approximately 289 days after the alleged discriminatory act.

Section 706(e) of Title VII requires a charge of employment discrimination to

> be filed within one hundred and eighty days after the alleged unlawful employment practice occurred, ... except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice, ... such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred ... [9]

In its February 19 judgment, the district court found that Washington "did not first institute proceedings with a state agency empowered to prosecute discriminatory

practices." Applying the 180–day filing period rather than the 300–day filing period, the district court held Washington's suit time-barred.

Since the district court rendered its February 18 and March 22 orders, this court has held that

> the requirement that persons aggrieved must initially institute proceedings with the state referral agency is met by the EEOC's routine transmittal of a copy of the complaint to the state referral agency.... To require more would merely impose a meaningless bureaucratic ritual on these agencies.[10]

Since the TCHR is "qualified as an agency with authority to grant or seek relief from ... unlawful employment practice[s]," [11] the EEOC's routine transmission of a copy of Washington's complaint under a worksharing agreement with the TCHR instituted the state proceedings required by section 706(e). Washington's filing with the EEOC and the EEOC's transmission of this complaint to the TCHR, therefore, meets the applicable 300–day time limit, thus preserving her right to pursue her claim in federal district court.

For the foregoing reasons, we REVERSE the judgment of the district court, and REMAND for further proceedings consistent with this opinion.

---

**9.** 42 U.S.C. § 2000e–5(e).

**10.** *Urrutia v. Valero Energy Corp.,* 841 F.2d 123, 125 (5th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 82, 102 L.Ed.2d 59 (1988). *See also E.E.O. C. v. Commercial Office Products Co.,* —— U.S. ——, 108 S.Ct. 1666, 1668–69, 100 L.Ed.2d 96 (1988); *Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 2492, 65 L.Ed.2d 532 (1980); *Love v. Pullman Co.,* 404 U.S. 522, 92 S.Ct. 616, 617, 30 L.Ed.2d 679 (1972).

**11.** *Mennor v. Fort Hood Nat. Bank,* 829 F.2d 553, 554–55 (5th Cir.1987). *See Urrutia,* 841 F.2d at 126.