**Joanne H. PRICE, Appellant,**

v.

**PHILADELPHIA AMERICAN LIFE INSURANCE COMPANY and Gerald Noelle, Appellees.**

No. 14–95–00607–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 26, 1996.

Rehearing Overruled Dec. 12, 1996.

Peter Costea, Houston, for appellant.

John A. Sieger, Houston, for appellees.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

AMIDEI, Justice.

Joanne H. Price (Price) appeals from a summary judgment dismissing her case for want of jurisdiction. Appellant filed suit against her employer, Philadelphia American Life Insurance Company (PALICO) and Gerald Noelle, a managerial employee of PALICO, for employment discrimination under sections 21.001, et seq., of the Texas Labor Code. Appellee PALICO filed a motion for summary judgment alleging no complaint was filed by Price with the Texas Commission on Human Rights (TCHR) as required by section 21.201 of the Texas Labor Code. The court below granted summary judgment to PALICO and dismissed the case as to it for want of jurisdiction and appellee Noelle was thereafter nonsuited and dismissed. PALICO is the only appellee to this appeal; Noelle did not join as co-appellee. Appellant contends in one point of error the trial court erred in granting summary judgment dismissing her case for want of jurisdiction. We reverse and remand for trial.

Price was employed by appellee between 1991 and 1994 as Director of Information Technology. Price applied for and was denied a promotion to Vice President of Information Technology. Price contends she was qualified for this position but was passed over because of her race and sex. Price is African–American and female. Appellee hired a male for the position who was not a member of a racial minority. Price filed an EEOC Form 5, "Charge of Discrimination," with the federal Equal Employment Opportunity Commission (EEOC), giving April 4, 1994, as the date of the alleged unlawful employment practice. Price signed the form

under the unsworn declaration portion which provided "I declare under penalty of perjury that the foregoing is true and correct," and dated it April 8, 1994, pursuant to 28 U.S.C. § 1746, which provides in pertinent part:

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
(Signature)".

The heading on the "Charge of Discrimination" EEOC Form 5 submitted by Price to the EEOC was: "Texas Commission on Human Rights and EEOC." EEOC Form 212, "Charge Transmittal," dated April 12, 1994, was attached in support of Price's first amended response to appellee's motion for summary judgment and stated, in part: "Transmitted herewith is a charge of employment discrimination initially received by the: EEOC on April 7, 1994." The form had a block checked which provided, "Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC." The transmittal form (EEOC Form 212) was mailed to TCHR by EEOC, and provided pre-printed form answers with blocks to be checked for the appropriate reply by TCHR. Mr. William Hale, the director of TCHR, signed the transmittal form sent to TCHR on April 19, 1994, and checked the block which

provides: "This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge." The form was returned to EEOC and made a part of their records in Price's complaint. "Notice of Right to Sue," EEOC Form 161–B, was issued and sent to Price on December 27, 1994. "Notice of Right to File a Civil Action," a letter form, was sent to Price's attorney by TCHR and dated November 2, 1994. Price filed her suit against appellees on December 22, 1994. An amended EEOC Form 5, "Charge of Discrimination," was mailed by Price's attorney to TCHR by letter dated April 26, 1995, after suit had been filed by Price, and over 180 days after April 4, 1994, the date the alleged act of discrimination occurred. The amended form added a jurat provided on the form which states: "When necessary to meet State and Local Requirements." Price signed on the line provided for her signature and a notary public, Kristin L. Boyd, acted as the officer administering the oath. Price again signed the unsworn declaration portion of the form and both verifications were dated April 24, 1995.

PALICO argues the trial court had no jurisdiction unless Price filed a complaint with TCHR and since she filed nothing with TCHR, the trial court had no jurisdiction. We disagree.

The issue in this case is: Did Price timely file a complaint with TCHR as required by sections 21.201 and 21.202 of the Texas Labor Code? Appellee has waived any claim to improper verification by Price in its brief stating there is no legitimate verification issue in this case. Appellee's attorney also advised this court on oral argument that it was not claiming improper verification of Price's EEOC Form 5 initially submitted by her to EEOC on April 8, 1994. Therefore, we address only the issue of filing of a complaint with TCHR as being dispositive of this appeal.

The general purposes of Chapter 21 of the Texas Labor Code are to provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments (42 U.S.C. § 2000e, et seq.) and provide for the execution of the policies em-

bodied in Title I of the Americans with Disabilities Act of 1990. TEX. LAB.CODE ANN. § 21.001 (Vernon 1996). When Texas case law fails to address questions raised under the statute, we look to federal case law for guidance. *Benavides v. Moore,* 848 S.W.2d 190, 193 (Tex.App.—Corpus Christi 1992, writ denied).

The filing of a complaint under section 21.201 of the Texas Labor Code is mandatory. *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 488 (Tex.1991). Price's EEOC Form 5 was timely filed with EEOC, on April 8, 1994, according to the date written on the form. The EEOC transmittal form to TCHR dated April 12, 1994, is date stamped by TCHR April 15, 1994, and receipt of the charge of discrimination was acknowledged by William Hale, director of TCHR, April 19, 1994. The EEOC Form 5, "Charge of Discrimination" was addressed to both TCHR and EEOC. The "filing" of the complaint occurred when TCHR received the "Charge of Discrimination," EEOC Form 5, dated April 8, 1994 (or April 7, 1994, which is the date shown on the transmittal form from EEOC) with the transmittal form from EEOC on April 15, 1994.

Appellee argues that Price did not mail a complaint to TCHR or take it there and physically "file" the complaint with the Texas commission and the transmittal by EEOC was not a "filing" contemplated by Section 21.201(a), Texas Labor Code, requiring a filing with the TCHR before a suit for employment discrimination may be maintained.

Section 21.201(a), Texas Labor Code, provides: "A person claiming to be aggrieved by an unlawful employment practice or the person's agent may file a complaint with the commission." In *Urrutia v. Valero Energy Corp.,* 841 F.2d 123, 125 (5th Cir.1988) *cert. denied,* 488 U.S. 829, 109 S.Ct. 82, 102 L.Ed.2d 59 (1988), the court held, in pertinent part:

> [A]ll that was required to institute state proceedings was a minimal filing with the TCHR, which was accomplished when the EEOC transmitted appellant's discrimination charge on a standard form on August 8, 1985. We hold that such proceedings were thereby initially instituted.

*Id.* at 125.

The holding in *Urrutia* was reaffirmed in *Washington v. Patlis,* 868 F.2d 172 (5th Cir. 1989).

In *Griffin v. City of Dallas,* 26 F.3d 610 (5th Cir.1994), the court discussed institution of state proceedings and stated, in pertinent part:

> In August 1989, the TCHR and the EEOC entered a Worksharing Agreement which was designed "to minimize duplication of effort in the processing of charges and to achieve maximum consistency of purpose and results." (footnote omitted). Worksharing Agreement § 1(a). The TCHR designated the EEOC as its limited agent for receiving charges in section 2(a) of the Worksharing Agreement: "The [TCHR] by this agreement designates and establishes the EEOC as limited agent of the [TCHR] for the purpose of receiving charges on behalf of the [TCHR] and EEOC agrees to receive such charges." Worksharing Agreement § 2(a).
>
> Under the plain terms of this agreement, when Mr. Griffin filed his discrimination complaint with the EEOC—a complaint which was also addressed to the TCHR— the EEOC accepted that complaint, not only for its own purposes, but also for the purposes of the TCHR. Hence, upon the EEOC's receipt of the complaint, the TCHR, for all legal and practical purposes, received the complaint. As in *Urrutia,* we hold here that once the TCHR received Mr. Griffin's complaint, even if only nominally, proceedings were instituted within the meaning of section 706(e) [Civil Rights Act, now 42 U.S.C. § 2000e–5(e)(1) (Supp. 1993) ].

*Id.* at 612–13.

Federal Title VII case law is recognized as persuasive authority in Texas courts. In *Eckerdt v. Frostex Foods, Inc.,* 802 S.W.2d 70 (Tex.App.—Austin 1990, no writ), the court held: "The stated purposes of the Texas act [Commission on Human Rights Act, now TEX. LAB.CODE ANN. § 21.001, et seq. (Vernon 1996) ] suggest that the state legisla-

ture intended it to conform to policies contained in the federal act; therefore, we may consider how the federal act is implemented under clauses similar to those at issue in the Texas act." *Id.* at 72. "When Texas case law fails to address questions raised under the statute, we look to federal case law for guidance." *Benavides,* 848 S.W.2d at 193. *See also* William Conover Brooks, III (General Counsel, Texas Commission on Human Rights, Austin, Texas), *Jurisdictional and Procedural Issues Under the Texas Commission on Human Rights Act,* 47 BAYLOR L.REV. 683, 683–692 (1995). We find that appellant has complied with the requirements of filing a complaint with TCHR as set out in Section 21.201, Texas Labor Code. We sustain appellant's sole point of error.

The judgment of the trial court is reversed and the cause is remanded for trial.

EDELMAN, Justice, concurring.

PALICO was granted summary judgment in this case on the ground that Price failed to file a complaint with the TCHR as required by the Texas Labor Code. It was therefore PALICO's burden to establish as a matter of law that no complaint was filed with TCHR. I concur with the majority opinion that the evidence presented by PALICO did not conclusively establish that no such filing took place.

However, Price did not move for summary judgment that she *had* made such a filing as a matter of law, and it is not necessary or proper for us to reach that issue in order to determine that PALICO's summary judgment was in error. Therefore, I disagree with the finding in the majority opinion that "appellant has complied with the requirements of filing a complaint with TCHR as set out in Section 21.201, Texas Labor Code."