In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00036-CV


______________________________




VIRGINIA DAVIS, Appellant



V.



EDUCATION SERVICE CENTER, REGION VIII


AND SCOTT FERGUSON, Appellees




 


On Appeal from the 76th Judicial District Court


Titus County, Texas


Trial Court No. 28,359




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Virginia Davis was employed by Education Service Center, Region VIII. She sued
Region VIII and her supervisor, Scott Ferguson, for retaliation under Tex. Lab. Code Ann.
§ 21.055 (Vernon 1996) (1) and for intentional infliction of emotional distress. She also sued
Region VIII for negligent hiring or retention of Ferguson. Region VIII and Ferguson moved
for summary judgment, which the court granted, dismissing all of Davis' claims. Davis
appeals, urging two grounds for setting aside the summary judgment. 

 Davis first contends the motion for summary judgment did not include her claims
against Region VIII for negligent hiring or retention, or her claims against Region VIII and
Ferguson for intentional infliction of emotional distress. She therefore contends the trial
court erred in granting summary judgment on these claims. Second, Davis contends the
trial court incorrectly granted summary judgment on her claim for retaliation. (2) 

 On or about July 7, 1998, Davis filed charges against Region VIII and Ferguson with
the federal Equal Employment Opportunity Commission (EEOC), claiming employment
discrimination on the basis of a disability and claiming sexual harassment. The EEOC
forwarded these charges to the Texas Commission on Human Rights (TCHR) pursuant to
a Worksharing Agreement. (3) Davis alleges that, after filing these charges, Ferguson
informed her she would not have a job with Region VIII for the 1998-1999 school year
unless she dismissed the charges. Davis did not complain of this alleged retaliation to
either the EEOC or the TCHR. 

 On September 30, 1998, the EEOC sent Davis a right-to-sue letter regarding her
discrimination and harassment charges. This letter gave Davis ninety days within which
to file suit in federal court. On or about May 4, 1999, Davis received a right-to-sue letter
from the TCHR, giving her sixty days within which to file suit in state court.

 Davis filed suit in federal court on June 30, 1999, and Region VIII and Ferguson
filed counterclaims. At Davis' request, her claims were dismissed without prejudice on
November 22, 1999. She filed the current action in state court on the same date. Region
VIII's and Ferguson's counterclaims in federal court were dismissed on January 26, 2000. 

 The motion for summary judgment filed by Region VIII and Ferguson in this case
urged (1) the affirmative defense of lack of subject-matter jurisdiction for the claim of
retaliation under Tex. Lab. Code Ann. § 21.055; (2) the affirmative defense of limitations
for the claim of discrimination under Tex. Lab. Code Ann. § 21.051 (Vernon 1996); (3) the
affirmative defense of immunity for all claims; (4) the affirmative defense of res judicata for
the claim of retaliation; (5) that there is no cause of action for negligent hiring of Ferguson;
and (6) that, pursuant to Tex. Lab. Code Ann. § 21.259 (Vernon 1996) and Tex. Educ.
Code Ann. § 8.006 (Vernon Supp. 2002), §§ 11.161, 22.051, 22.055 (Vernon 1996),
Region VIII and Ferguson are entitled to attorney's fees incurred in the defense of this suit,
and in the event of appeal, attorney's fees for the appeal. The trial court granted the
motion without specifying the grounds on which it was granted. 

 The standards for reviewing a regular motion for summary judgment are well
established: (1) the burden of showing that no genuine issue of material fact exists, and
that the movant is therefore entitled to judgment as a matter of law, is on the movant; (2)
in deciding whether there is a disputed material fact issue precluding summary judgment,
evidence favorable to the nonmovant will be taken as true; and (3) every reasonable
inference must be indulged in favor of the nonmovant and any doubt resolved in that
party's favor. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). 

 A defendant who moves for a regular summary judgment must demonstrate that at
least one essential element of the plaintiff's cause of action has been disproved as a
matter of law. Hammonds v. Thomas, 770 S.W.2d 1, 1 (Tex. App.-Texarkana 1989, no
writ). A defendant who conclusively negates one of the essential elements of the plaintiff's
cause of action is entitled to summary judgment. Wornick Co. v. Casas, 856 S.W.2d 732,
733 (Tex. 1993). 

 We will address Davis' second point of error first because our disposition of that
point affects our consideration of her first point. Under her second point, Davis contends
the trial court erred in granting summary judgment on her retaliation claim filed pursuant
to the TCHRA. That act provides as follows: 

 An employer, labor union, or employment agency commits an unlawful
employment practice if the employer, labor union, or employment agency
retaliates or discriminates against a person who, under this chapter:


 . . . .


 (2) makes or files a charge; [or]


 (3) files a complaint; . . . .


Tex. Lab. Code Ann. § 21.055.


 Region VIII and Ferguson contend the trial court did not have subject matter
jurisdiction over Davis' retaliation claim because she did not exhaust her administrative
remedies on this claim as required by Tex. Lab. Code Ann. §§ 21.201(a), 21.202(a)
(Vernon 1996). Because she already filed a complaint with the TCHR against Region VIII
and Ferguson under the TCHRA, Davis contends she should not be required to exhaust
her administrative remedies under the TCHRA for her complaint of retaliation. She
contends the cases cited by Region VIII and Ferguson requiring her to exhaust her
administrative remedies concerning her retaliation claim are distinguishable on the facts. 
We agree with Region VIII and Ferguson that the trial court lacked subject-matter
jurisdiction over Davis' claim of retaliation under the TCHRA. 

 It is incumbent on the pleading party to allege sufficient facts to affirmatively show
the trial court had subject-matter jurisdiction. Texas Ass'n of Bus. v. Texas Air Control Bd.,
852 S.W.2d 440, 445-46 (Tex. 1993). Davis concedes in her brief she did not file a
complaint with the EEOC or the TCHR regarding her retaliation claim under Tex. Lab. Code
Ann. § 21.055. Rather, she contends that filing a retaliation complaint with the EEOC or
the TCHR was not required before she could bring that complaint in court.

 Davis brought suit in state court, complaining of retaliation by Region VIII and
Ferguson in violation of Tex. Lab. Code Ann. § 21.055. Before the alleged retaliation,
Davis filed a complaint with the EEOC and the TCHR, alleging sexual harassment and
disability discrimination. She never filed a complaint with these agencies alleging that
Ferguson threatened not to rehire her for the 1998-1999 school year if she failed to
withdraw her complaints with the EEOC and the TCHR. In her response to the motion for
summary judgment, Davis contended that the two-year statute of limitations (4)
 applied to her
case and that she was not required to file a separate complaint with the EEOC or the
TCHR in order to file her retaliation claim in court.

 Before a complainant may sue for redress, that complainant must tender the
complaint with the TCHR within 180 days of the suspected misconduct. Tex. Lab. Code
Ann. §§ 21.201(a), 21.202(a); Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483, 485
(Tex. 1991). This affords the TCHR the opportunity to investigate the allegation, informally
eliminate any discrimination, and minimize costly litigation. See Tex. Lab. Code Ann.
§§ 21.203, 21.204(a), 21.207(a) (Vernon 1996); Stinnett v. Williamson County Sheriff's
Dep't, 858 S.W.2d 573, 577 (Tex. App.-Austin 1993, writ denied). Indeed, the requirement
is of such import that failing to comply with it deprives the court of subject-matter
jurisdiction. Schroeder, 813 S.W.2d at 485-89. In other words, unless and until an
employee timely submits his or her complaint to the TCHR, the courts of Texas are barred
from adjudicating that complaint. Id.; Stinnett, 858 S.W.2d at 576; Ridgway's Inc. v.
Payne, 853 S.W.2d 659, 663 (Tex. App.-Houston [14th Dist.] 1993, no writ).

 Davis contends the facts in her case are distinguishable from Schroeder because
Schroeder did not deal with retaliation. She contends Schroeder should not be interpreted
to mean that, when an employer retaliates against an employee for filing a complaint with
the TCHR, the employee must file a new complaint with the TCHR concerning the separate
charge of retaliation before filing suit in state court. But, the statutes and caselaw clearly
require a complainant to exhaust administrative remedies even in retaliation cases. See
Tex. Lab. Code Ann. §§ 21.201(a), 21.202(a); O'Bryant v. City of Midland, 949 S.W.2d 406,
416-17 (Tex. App.-Austin 1997), aff'd in part & rev'd in part on other grounds, 18 S.W.3d
209 (Tex. 2000) (holding an officer suing for retaliation under Section 21.055 must exhaust
administrative remedies); Vincent v. W. Texas State Univ., 895 S.W.2d 469, 473-75 (Tex.
App.-Amarillo 1995, no writ) (holding trial court lacked subject-matter jurisdiction because
plaintiff failed to exhaust administrative remedies relating to her charge of retaliation). In
Stinnett, the plaintiff properly filed his age discrimination claim with the TCHR but failed to
file a claim of retaliation with the TCHR. The court in Stinnett concluded, "by providing a
remedy for retaliation in the Human Rights Act, the legislature intended to create an
exclusive remedy under the terms of that statute." Stinnett, 858 S.W.2d at 577.

 Davis contends there should be an exception to the exhaustion of administrative
remedies when, if the plaintiff can prove it, there is direct relationship between the
exhaustion of administrative remedies under the discrimination charges and the retaliation. 
However, the statute does not provide for such an exception. Retaliation is an independent
violation of the TCHRA and occurs when an employer retaliates or discriminates against
a person who makes or files a charge or files a complaint. Tex. Lab. Code Ann. § 21.055. 
Nothing in the statute makes this section immune from the requirements of the rest of the
statute. Although Schroeder did not deal with a retaliation claim, we find nothing in the
statutes or caselaw indicating the Legislature intended a different procedure for filing a
retaliation claim than that set forth by the Texas Supreme Court in Schroeder. 

 Because Davis failed to exhaust administrative remedies on her retaliation claim,
the trial court lacked subject-matter jurisdiction and was correct in granting summary
judgment against her on this claim. Davis' second point of error is overruled.

 Davis' other point of error contends the trial court erred in granting summary
judgment on her claims of negligent hiring or retention and intentional infliction of emotional
distress because Region VIII and Ferguson did not move for summary judgment on these
grounds. A motion for summary judgment must expressly present the grounds on which
it is made. See McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex.
1993). However, a review of Region VIII and Ferguson's motion for summary judgment
shows they did move for summary judgment on both of these grounds and both sides
briefed the correctness of the trial court's summary judgment on these grounds.

 In their motion for summary judgment, Region VIII and Ferguson asserted the
affirmative defense of immunity in connection with these tort claims. They contend they
are protected from these claims by the doctrine of governmental or sovereign immunity. 
They contend Ferguson, as an employee of Region VIII, is protected "with immunity in a
civil action" under Section 8.006 of the Education Code, which grants employees and
volunteers of a regional education service center the same immunity from liability as school
district employees and volunteers, and under Section 22.051, which provides immunity for
professional employees of the school district. They further contend Region VIII is entitled
to the same immunities as a school district, including immunity from claims of negligent
hiring or retention and intentional infliction of emotional distress. 

 When Davis sued Region VIII and Ferguson, in his official capacity, she sued the
State of Texas. See Vincent, 895 S.W.2d at 472; Tyrrell v. Mays, 885 S.W.2d 495, 499
(Tex. App.-El Paso 1994, writ dism'd w.o.j.); Alcorn v. Vaksman, 877 S.W.2d 390, 403
(Tex. App.-Houston [1st Dist.] 1994, writ denied). The doctrine of sovereign immunity
deprives the court of subject-matter jurisdiction. State v. Lain, 162 Tex. 549, 349 S.W.2d
579, 582 (1961). Therefore, dismissal was mandatory unless Davis could show the State
waived its immunity. Id.; Pickell v. Brooks, 846 S.W.2d 421, 424-25 (Tex. App.-Austin
1992, writ denied). Davis sought to avoid the defense of governmental immunity by
invoking the TCHRA.

 While the Legislature may have waived sovereign immunity under the TCHRA, we
have determined this claim is no longer available to Davis. By failing to exhaust her
administrative remedies, she no longer has a valid claim under the TCHRA. All that
remains are her common-law tort claims of negligent hiring or retention and intentional
infliction of emotional distress. However, Region VIII and Ferguson, as its employee, are
immune from both these common-law torts.

 In her response to the motion for summary judgment, Davis contended Region VIII
was not immune from suit because it had not established that it is a "school district" and
thereby statutorily immune under Tex. Educ. Code Ann. § 22.051(a). She also contended
neither Region VIII nor Ferguson enjoy eleventh amendment immunity. See U.S. Const.
amend. XI. (5)
 The eleventh amendment applies to United States law and jurisdiction, neither
of which are at issue in this case, so we need not determine whether Region VIII or
Ferguson enjoy immunity under this constitutional provision. Davis also contends the 
court had no basis for applying statutory immunity to Region VIII and Ferguson because
those parties cite no authority for such an application.

 Region VIII and Ferguson asserted governmental and sovereign immunity in support
of their motion for summary judgment. This immunity, they contend, does not stem from
Tex. Educ. Code Ann. § 22.051(a); rather, Region VIII qualifies for sovereign immunity as
an agency of the State.

 Sovereign immunity, unless waived, insulates the State of Texas, its agencies, and
its officials from lawsuits for damages. Fed. Sign v. Texas S. Univ
., 951 S.W.2d 401, 405
(Tex. 1997). Region VIII and its employees are protected by immunity because it is a
governmental unit, as defined by relevant provisions of the Texas Tort Claims Act. (6)

 The Texas Legislature has created a three-tiered system for implementing its
educational obligation as required under Tex. Const. art. VII, § 1. San Antonio Indep. Sch.
Dist. v. McKinney, 936 S.W.2d 279, 282 (Tex. 1996). At the state level, there are the
Texas Education Agency and the State Board of Education. Id. Regionally, there are the
regional education service centers. Id. Locally, there are the independent school districts. 
Id. The regional education service centers were established by the Legislature under Tex.
Educ. Code Ann. §§ 8.001-.125 (Vernon Supp. 2002). Region VIII is an agency of the
State and qualifies as a governmental unit under Tex. Civ. Prac. & Rem. Code Ann.
§ 101.001(3) (Vernon Supp. 2002). 

 Region VIII and Ferguson, in his official capacity, are immune from Davis' common-law causes of action for negligent hiring or retention and intentional infliction of emotional
distress. Summary judgment in favor of Region VIII and Ferguson, in his official capacity,
was proper on these claims.

 Independent of Region VIII's immunity, the Legislature specifically granted immunity
to Ferguson in his position as director of Region VIII. Ferguson asserts his immunity
pursuant to Tex. Educ. Code Ann. § 8.006. (7) As a supervisor, Ferguson is subject to the
immunity provided under Tex. Educ. Code Ann. § 22.051(a), (c)(1) (Vernon 1996).

 Ferguson, as director of Region VIII, is protected from Davis' civil action in his
individual capacity because of Tex. Educ. Code Ann. §§ 8.006 and 22.051(c)(1). (8) 
Therefore, Ferguson is immune from civil suit "except when disciplining a student [and he]
uses excessive force or negligence which results in bodily injury to the student." Hopkins
v. Spring Indep. Sch. Dist., 736 S.W.2d 617, 618 (Tex. 1987), citing Barr v. Bernhard, 562
S.W.2d 844, 849 (Tex. 1978).

 In the motion for summary judgment, Ferguson relied on Section 22.051 of the
Education Code. That section provides as follows:

 A professional employee of a school district is not personally liable for any
act that is incident to or within the scope of the duties of the employee's
position of employment and that involves the exercise of judgment or
discretion on the part of the employee, except in circumstances in which a
professional employee uses excessive force in the discipline of students or
negligence resulting in bodily injury to students. 


Tex. Educ. Code Ann. § 22.051(a). This section then establishes an affirmative defense
for professional school employees.

 In her response to the motion for summary judgment, Davis contended Region VIII
and Ferguson failed to establish that either party is a "school district" or an employee of
a "school district" as referred to in Tex. Educ. Code Ann. § 22.051(a). Her contention
regarding Ferguson is that he failed to point to any authority or factual proof that he enjoys
the same immunities as an employee of a school district. As a matter of law, Ferguson
enjoys the same immunities as school district employees and directed the trial court in his
motion for summary judgment to Section 8.006 of the Texas Education Code, which grants
employees and volunteers of a regional education service center the same immunity from
liability as school district employees and volunteers. As a matter of law, Ferguson is
entitled to the immunities provided under Tex. Educ. Code Ann. § 22.051. The trial court
properly granted Ferguson's motion for summary judgment based on governmental
immunity. 

 Davis also contends that, even if Ferguson enjoys immunity under Section 22.051,
he is not entitled to immunity in this case. In support of her position, Davis cites Matthews
v. High Island Indep. Sch. Dist., 991 F. Supp. 840 (S.D. Tex. 1998), holding that an
elementary school principal was not entitled to qualified immunity from teachers' allegations
of sexual harassment, sexual misconduct, and unlawful retaliation in violation of Title VII,
§ 1983 under federal law, the First Amendment, and the TCHRA. In Matthews, the court
ruled the defendant did not have a qualified immunity for violating Title VII. Id. at 847. We
need not reach a decision as to whether Ferguson would be immune from civil suit under
the TCHRA, because we have determined the trial court lacked subject-matter jurisdiction
over Davis' retaliation claim. Therefore, the only remaining claim against Ferguson is for
the common-law tort of intentional infliction of emotional distress. We conclude there is
no genuine issue of material fact as to Ferguson's official immunity defense. Ferguson's
official immunity under Section 22.051(a) of the Education Code bars the claim for
intentional infliction of emotional distress because, under Section 22.051, he is immune
from suit except in circumstances of excessive force in the discipline of students or
negligence resulting in bodily injury to students. See Tex. Educ. Code Ann. § 22.051(a).

 The trial court did not err in finding that Region VIII had sovereign immunity and that
Ferguson had sovereign immunity in his official capacity and official immunity in his
individual capacity. Davis' first point of error is overruled.

 The judgment is affirmed.

 

 Donald R. Ross

 Justice


Date Submitted: November 8, 2001

Date Decided: December 5, 2001


Publish

1. Texas Commission on Human Rights Act (TCHRA).
2. Davis complained at oral argument of the dismissal of her claims for discrimination
and sexual harassment. However, at the time summary judgment was granted, neither of
these claims had been pled, and she did not raise these claims in her brief before this
Court. The only TCHRA claim before this Court is her retaliation claim.
3. 42 U.S.C.A. § 2000e-4(g)(1) (West 1994) empowers the EEOC to enter into these
kinds of agreements with state and local agencies. In the 1998 Worksharing Agreement,
"the EEOC and the [TCHR] each designate the other as its agent for the purpose of
receiving and drafting charges, including those that are not jurisdictional with the agency
that initially receives the charges." Vielma v. Eureka Co., 218 F.3d 458, 462 (5th Cir.
2000). In this type of case, when a complainant files an initial charge with the EEOC, that
charge will also be considered filed with the TCHR. See Griffin v. City of Dallas, 26 F.3d
610, 612-13 (5th Cir. 1994); Price v. Philadelphia Am. Life Ins. Co., 934 S.W.2d 771, 773
(Tex. App.-Houston [14th Dist.] 1996, no writ).
4. Tex. Lab. Code Ann. § 21.256 (Vernon 1996). The sixty-day statute of limitations
in Tex. Lab. Code Ann. § 21.254 (Vernon 1996) takes precedence over the two-year
statute of limitations in Section 21.256. Roberts v. Padre Island Brewing Co., 28 S.W.3d
618, 620-21 (Tex. App.-Corpus Christi 2000, pet. denied); Sibley v. Kaiser Found. Health
Plan, 998 S.W.2d 399, 405 (Tex. App.-Texarkana 1999, no pet.) (in action for employment
discrimination, compliance with sixty-day limitations period requires service on defendant
within that period). 

5. "The Judicial power of the United States shall not be construed to extend to any
suit in law or equity, commenced or prosecuted against one of the United States by
Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const.
amend. XI.

6. The Tort Claims Act defines "governmental unit" as: 


 (A) this state and all the several agencies of government that
collectively constitute the government of this state, including other agencies
bearing different designations, and all departments, bureaus, boards,
commissions, offices, agencies, councils, and courts;


 (B) a political subdivision of this state, including any city, county,
school district, junior college district, . . .


 . . . .


 (D) any other institution, agency, or organ of government the status
and authority of which are derived from the Constitution of Texas or from 
laws passed by the legislature under the constitution. 


Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(A), (B), (D) (Vernon Supp. 2002).
7. "An employee or volunteer of a regional education service center is immune from
liability to the same extent as an employee or volunteer of a school district." Tex. Educ.
Code Ann. § 8.006 (Vernon Supp. 2002).
8. A "professional employee" includes: 


 (1) a superintendent, principal, teacher, supervisor, social worker,
counselor, nurse, and teacher's aide; 


 . . . . 


 (4) any other person whose employment requires certification and the
exercise of discretion. 


Tex. Educ. Code Ann. § 22.051(c) (Vernon 1996).


ow-orphan'> 

                                                ______________________________

 

                                                             No. 06-10-00129-CR

                                                ______________________________

 

 

                                       TIMOTHY PARMER,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the 402nd
Judicial District Court

                                                             Wood County, Texas

                                                       Trial Court
No. 20,401-2008

 

                                                     
                                             

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                     MEMORANDUM 
OPINION

 

            Timothy
Parmer appeals from the adjudication of his guilt for the offense of aggravated
assault with a deadly weapon.  After
adjudicating Parmer guilty, the trial court sentenced Parmer to twenty years
imprisonment.

            Parmers
attorney on appealdifferent from his trial counselhas filed a brief which
discusses the record and reviews the proceedings in detail.  Counsel has thus provided a professional
evaluation of the record demonstrating why, in effect, there are no arguable
grounds to be advanced.  This meets the
requirements of Anders v. California,
386 U.S. 738 (1967); Stafford v. State,
813 S.W.2d 503 (Tex. Crim. App. 1981); and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            On
December 22, 2010, counsel mailed to Parmer a copy of the brief and of counsels
motion asking this Court for permission to withdraw as counsel, informing
Parmer of his right to file a pro se response and of his right to review the
record.  We also contacted Parmer by
letter informing him that any pro se response was due on or before January 31,
2011.  As of the date of this opinion, Parmer
has not contacted this Court.

            We
have independently reviewed the clerks record and the reporters record, and
we agree that no arguable issues support an appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 82627 (Tex. Crim. App. 2005).

            If
we determine that an appeal is without merit and is frivolous, the appeal must
be dismissed or the judgment affirmed.  See Anders, 386 U.S. 738.  Because we find the appeal to be wholly
frivolous, we affirm the judgment of the trial court.[1]

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          March
9, 2011

Date Decided:             March
11, 2011

 

Do Not Publish

 











[1]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsels request to
withdraw from further representation of appellant in this case.  No substitute counsel will be appointed.  Should appellant wish to seek further review
of this case by the Texas Court of Criminal Appeals, appellant must either
retain an attorney to file a petition for discretionary review or appellant must
file a pro se petition for discretionary review.  Any petition for discretionary review must be
filed within thirty days from the date of either this opinion or the last
timely motion for rehearing that was overruled by this Court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.  See
Tex. R. App. P. 68.3.  Any petition for discretionary review should
comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 68.4.