Juan Manuel BALLI, Jose R. Sanchez,
and Jose A. Viera, Appellants,

v.

EL PASO INDEPENDENT SCHOOL
DISTRICT, Appellee.

No. 08–04–00034–CV.

Court of Appeals of Texas,
El Paso.

March 9, 2006.

Rehearing Overruled April 5, 2006.

Enrique Lopez, The Law Office of Antonio V. Silva, P.C., El Paso, for appellants.

S. Anthony Safi, Mounce, Green, Myers, Safi & Galatzan, El Paso, for appellee.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

DAVID WELLINGTON CHEW, Justice.

This is an appeal from the trial court's granting of a plea to the jurisdiction in favor of Appellee El Paso Independent School District ("EPISD"). The sole issue is whether the Appellants exhausted their administrative remedies under the Texas Commission on Human Rights Act ("TCHRA" or "the Act") before filing their lawsuit. We find that they did, and we reverse and remand.

In July 2001, Appellants sued their employer, EPISD, for damages and declaratory and injunctive relief under the TCHRA based on their allegations of sexual harassment by a fellow EPISD employee. Specifically, they alleged claims for sex discrimination, retaliation for opposing unlawful employment discrimination, and for being subjected to a hostile work environment due to the severe and pervasive nature of the treatment. EPISD filed a plea to the jurisdiction, arguing that the trial court lacked subject matter jurisdiction because despite having filed their respective complaints with the Equal Employment Opportunity Commission ("EEOC"), Appellants had failed to file their complaints with the Texas Commission on Human Rights ("TCHR" or "the Commission") within 180 days of the last alleged discriminatory acts. As jurisdictional evidence, EPISD attached an affidavit from Raymond J. Hammarth, Program Supervisor of the Commission and its records custodian, attesting that as of August 6, 2001, the Commission had no records on

file regarding the Appellants' EEOC complaints.

On February 5, 2003, the trial court held a hearing on EPISD's plea to the jurisdiction. At that hearing, EPISD introduced the Appellants' respective original charges of discrimination (EEOC Form 5, "Charge of Discrimination"), which were filed with the EEOC. All the complaints were filed on July 15, 1999, each was addressed to "Texas Human Rights Commission and EEOC," and the box just above the complainant's signature line, requesting that the charge be filed with both the EEOC and the state agency, TCHR, that is, dual-filing, was left unmarked in every complaint. Further, in their respective complaints, each Appellant alleged that he had been discriminated against because of his sex "in violation of Title VII of the Civil Rights Act of 1964." At the hearing, EPISD argued that despite Appellants' assumptions that their complaints had been forwarded to the Commission, EPISD had conclusively established that the Commission did not receive their complaints, thus Appellants had failed to file their complaints with the Commission within the requisite 180–day time period under the statute. The trial court continued the hearing to allow the parties an opportunity to submit additional evidence.

On December 10, 2003, the trial court held a second hearing on the plea to the jurisdiction. At that hearing, Appellants introduced the testimony of Robert Calderon, the director of the EEOC office in El Paso, Texas. Mr. Calderon testified that he was the EEOC director in July 1999 and that Appellants' charges were processed and investigated by his office. It was his understanding that under the Worksharing Agreement between the EEOC and the Commission, each entity was the agent of the other and someone who wanted to file a charge with the Com-

mission could file it with the EEOC. Specifically, Mr. Calderon believed that because his office was authorized to receive charges for the Commission, the charging party could feel that by filing with the EEOC, they have filed with the Commission. Mr. Calderon explained that when a person files a charge of discrimination with the EEOC office, EEOC takes all the necessary information, serves the charge to the employer within ten days, and notifies the Commission that a charge has been filed. According to Mr. Calderon, his office notifies the Commission with respect to every charge. Mr. Calderon agreed that none of the Appellants checked the box on the charge form that requests dual filing. However, Mr. Calderon also testified that his EEOC office "totally ignore[s]" the dual-filing box.

The Appellants' respective EEOC case files showed that an EEOC Form 212 charge transmittal form was prepared and addressed to the Commission's Austin office. The transmittal forms for Mr. Viera and Mr. Balli were both dated July 19, 1999, but Mr. Sanchez's form was undated. The case log sheet in each Appellants' file shows that an EEOC employee initialed the log item "Form 212 mailed to THRC" and dated that item completed on July 19, 1999. Mr. Calderon assumed that because the employee initialed the log item in each file, Appellants' respective charges were sent to the Commission. Mr. Calderon stated that EEOC transmittals of charges to the Commission are usually sent by regular mail, although a long time ago they used to be sent by certified mail. Mr. Calderon explained that the bottom portion of the Form 212 contains an acknowledgment of receipt section, which the Commission director, William Hale, or his designee, is instructed to complete and to return to EEOC. On the form, the Commission can request to initially investigate a claim, by marking a box. In each Appel-

lants' case, the acknowledgment portion of the Form 212 was not completed.

Based on his experience and practice, Mr. Calderon could not assume that by Appellants' failure to check the box to request dual-filing necessarily meant that their charges were not received by the Commission. Rather, he relied more on the case log files that indicated an EEOC employee sent the charges to the Commission. Mr. Calderon explained that locally:

> [The EEOC] have established a procedure, and our employees know that procedure and they know that the procedure is that, on every single case, they are to send the Form 212 to the Texas Human Rights Commission. And we get—we send a whole bunch and we get a whole bunch. It's common procedure for us to do that.
>
> And for them, TCHR, Texas Commission Human Rights, to mark the boxes, one of the boxes, usually it's the one that says, we're not going to investigate and send it back to us with somebody's signature.

According to Mr. Calderon, it was the customary and usual practice of Mr. Hale or one of his Commission representatives, to return the Form 212 with a signature from someone at the Commission. Mr. Calderon had no idea why his office would not possess a Commission-signed Form 212 with respect to these charges, but speculated that is was possible that the Form 212 was never received, the Commission received it, but never sent it back, or the returned form could have been lost. His office handles up to 1,300 cases a year, and based on his experience, Mr. Calderon did not believe that his office follows up with the Commission when Form 212s are not returned. Following the second hearing, the trial court granted EPISD's plea to the jurisdiction, dismissing Appellants' case for lack of subject matter jurisdiction

A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claim asserted has merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). A party may challenge a court's subject matter jurisdiction by filing a plea to the jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638–39 (Tex.1999). The plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject matter jurisdiction. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). We take as true the facts plead in the plaintiff's petition in determining whether those facts support jurisdiction in the trial court and we may review the entire record to determine if there is jurisdiction. *Id.* at 446. Indeed, a court deciding a plea to the jurisdiction is not required to look solely to the pleadings, but rather it may also consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland*, 34 S.W.3d at 555; *see County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002). The reviewing court, however, should confine itself to the evidence relevant to the jurisdictional issue. *Bland*, 34 S.W.3d at 555. Whether the trial court properly granted the plea to the jurisdiction is a pure question of law which we examine under a *de novo* standard of review. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998).

The Act, as codified in Chapter 21 of the Texas Labor Code, establishes correlation of state law with federal law in the area of employment discrimination. *See Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex.1991). Specifically, the Act provides for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments, and establishes the Commission as the state de-

ferral agency, so that investigation and resolution of employment discrimination claims may be handled at the state level.[1] *See Schroeder,* 813 S.W.2d at 485; TEX. LAB.CODE ANN. §§ 21.001, 21.002, 21.003, 21.006 (Vernon 1996 & Supp.2005).

■ Under the Act, a person claiming employment discrimination must exhaust his administrative remedies prior to bringing a civil action in the district court. *See* TEX.LAB.CODE ANN. §§ 21.201–.262; *Schroeder,* 813 S.W.2d at 488. To comply with the exhaustion requirement, an aggrieved employee must: (1) file a sworn, written complaint with the Commission within 180 days of the alleged discriminatory act; (2) allow the Commission 180 days to dismiss or resolve the complaint before filing suit; and (3) file suit in district court no later than two years after the complaint is filed with the Commission. *See* TEX.LAB.CODE ANN. §§ 21.201–.202, 21.208, 21.256; *City of Houston v. Fletcher,* 63 S.W.3d 920, 922 (Tex.App.-Houston [14th Dist.] 2002, no pet.). Failure to comply with these mandatory statutory requirements deprives a trial court of subject matter jurisdiction in a subsequent lawsuit alleging violations of the Act. *See Schroeder,* 813 S.W.2d at 488.

The issue before this Court is whether Appellants timely filed their complaints with the Commission pursuant to Section 21.201 when they filed their complaints with the EEOC office. Relying on federal authorities, Appellants assert that by filing their complaints with the EEOC and by the EEOC, acting as a limited agent of the Commission under the entities' Worksharing Agreement, subsequently transmitting their charges of discrimination to the Commission, their complaints were nominally filed with the Commission such that they complied with the filing requirement under the Act.

Under the Worksharing Agreement with the EEOC and the Commission for fiscal year 1999, under Section II "Filing of Charges of Discrimination," subsection A states:

In order to facilitate the assertion of employment rights, the EEOC and the [Commission] each designate the other as its agent for the purpose of receiving and drafting charges, including those that are not jurisdictional with the agency that initially receives the charges. EEOC's receipt of charges on the [Commission's] behalf will automatically initiate the proceedings of both EEOC and the [Commission] for purposes of Section 706(c) and (e)(1) of Title VII. This delegation of authority to receive charges does not include the right of one Agency to determine the jurisdiction of the other Agency over a charge. Charges can be transferred from one agency to another in accordance with the terms of this agreement or by other mutual agreement.[2]

---

1. In 2003, the Legislature abolished the former Texas Commission on Human Rights and transferred its powers and duties to the newly-created Civil Rights Division of the Texas Workforce Commission. *See* TEX.LAB.CODE ANN. § 21.0015 (Vernon Supp.2005); Acts of 2003, 78th Leg., R.S., ch. 302, § 5, 2003 TEX.GEN.LAWS 1279, 1281. The enactment became effective on March 19, 2004. *See* Notice Regarding the Transfer of Tex. Comm'n on Human Rights to the Tex. Workforce Comm'n Civil Rights Division, 29 Tex.Reg. 2977 (Mar. 19, 2004).

2. We observe that the Worksharing Agreement for fiscal year 2002, not the Working Agreement for fiscal year 1999, was the only worksharing agreement admitted at the December 2003 hearing, despite the Appellants' intent to introduce the 1999 Worksharing Agreement and the trial court having "admitted" the 1999 Worksharing Agreement into evidence at that hearing. This error is of no import in our analysis, however, because the parties read passages of the relevant provision from the 1999 Agreement into the record and

In several leading opinions, the Fifth Circuit Court of Appeals has explained the relationship between the EEOC and the Commission in the context of determining whether a complainant had initiated a state proceeding such that she or he fell within the extended 300–day filing period for asserting a federal claim under the Civil Rights Act of 1964, § 706(e), as amended, 42 U.S.C.A. § 2000e–5(e)(1)(West 2005). *See Griffin v. City of Dallas*, 26 F.3d 610, 612–14 (5th Cir.1994); *Washington v. Patlis*, 868 F.2d 172, 175 (5th Cir.1989); *Urrutia v. Valero Energy Corp.*, 841 F.2d 123, 125 (5th Cir.1988). In accordance with these federal authorities, this Court explained in an unpublished opinion that:

> The federal act carves an exception for cases in which the person aggrieved has initially instituted proceedings with a state or local fair employment practice (FEP) agency having the authority to grant or seek relief, such as the TCHR. In that instance, the charge shall be filed with the EEOC within 300 days of the violation. A nominal filing is all that is required to "institute proceedings" under Section 706(e). The nominal filing required to institute state proceedings occurs when the EEOC transmits the complaint on a standard form. [Citations omitted].

*El Paso City–County Health and Environmental Dist. v. Bernal*, No. 08–00–00349–CV, 2001 WL 1169915, *4 (Tex. App.-El Paso Oct.4, 2001, no pet.)(not designated for publication).

In the *Bernal* case, we determined that "[w]hen, pursuant to the worksharing agreement here, the EEOC received an employment discrimination charge as agent for the TCHR, its acceptance of the

further, we observe that the 1999 provision, as read, is identical to that which appears in

charge satisfied the nominal-filing requirement for instituting proceedings with a state agency under the Title VII provision, thus extending the statute of limitations to 300 days." *Id.*

■ The question here, however, requires that we consider the entities' relationship under an EEOC/Commission Worksharing Agreement from a slightly different angle. In this case, we must consider how the relationship between the EEOC and the Commission, as defined by their Agreement along with the other jurisdictional evidence presented, affects the Appellants' compliance with the 180–day filing period limitation, and consequently the exhaustion of their administrative remedies for state law purposes, based on the Appellants' decision to file their complaints with the EEOC, rather than directly with the Commission.

■ On appeal, EPISD initially questions the validity of the Worksharing Agreement, specifically challenging the statutory authority of the Commission to authorize the filing of a complaint under the Act with any federal agency. The Commission, as a state administrative agency, is a creature of the Legislature and may exercise only those powers the law confers upon them, in clear and express statutory language and those reasonably necessary to fulfill a function or perform a duty that the Legislature has expressly placed with the agency. *See In re Entergy Corp.*, 142 S.W.3d 316, 322 (Tex.2004); *Subaru of America, Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex.2002); *Public Utility Comm'n of Texas v. GTE–Southwest, Inc.*, 901 S.W.2d 401, 406–07 (Tex.1995).

the 2002 Agreement.

To determine the scope of the Commission's authority, we must construe the relevant statutory provisions in Chapter 21 of the Labor Code. Statutory construction is a question of law. *See Johnson v. City of Fort Worth,* 774 S.W.2d 653, 656 (Tex.1989). In construing a statute, our primary objective is to ascertain and give effect to the Legislature's intent. *See McIntyre v. Ramirez,* 109 S.W.3d 741, 745 (Tex.2003), *citing Tex. Dep't of Transp. v. Needham,* 82 S.W.3d 314, 318 (Tex.2002). We look first to the statute's plain and common meaning; if the statutory language is unambiguous, we will interpret the statute according to its plain meaning. *Id.* However, if the statute is ambiguous, we then consider other matters to ascertain the Legislature's intent, including the objective of the law, the legislative history, and the consequences of a particular construction. *See McIntyre,* 109 S.W.3d at 745; TEX.GOV'T CODE ANN. § 311.023 (Vernon 2005).

Among the general purposes of the Act are to: (1) provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments (42 U.S.C. Section 2000e et seq.); (2) identify and create an authority that meets the criteria under 42 U.S.C. Section 2000e–5(c) and 29 U.S.C. Section 633; and (3) promote the interests, rights, and privileges of persons in this state. *See* TEX.LAB.CODE ANN. § 21.001. Thus, the Legislature has designated the Commission to serve as the State's deferral agency for cases deferred by the EEOC to the Commission as provided in Title VII of the Civil Rights Act of 1964, as amended. *See* 42 U.S.C.A. § 2000e–5(c).

Under Section 21.003 of the Texas Labor Code, the Commission may:

(1) promote the creation of local commissions on human rights by cooperating or contracting with individuals or state, local, or other agencies, public or private, including agencies of the federal government and of other states;

(2) receive, investigate, seek to conciliate, and pass on complaints alleging violations of this chapter;

. . .

(7) adopt procedural rules to carry out the purposes and policies of this chapter. . . .

TEX.LAB.CODE ANN. § 21.003.

The Act defines "local commission" as "a commission on human relations created by one or more political subdivisions." *Id.* at § 21.002(11). Under the agency's adopted rules, a local commission must be designated as a Fair Employment Practices Agency (FEPA) by the EEOC. *See* 30 TEX.REG. 3839 (2005), adopted 30 TEX.REG. 6065 (2005)(to be codified at 40 TEX.ADMIN.CODE § 819.2(5)); 30 TEX.REG. 6079 (2005)(to be codified at 40 TEX.ADMIN.CODE § 819.11(7))(proposed July 1, 2005); 30 TEX.REG. 3840 (2005), adopted 30 TEX.REG. 6065 (2005)(to be codified at 40 TEX.ADMIN.CODE § 819.72(a)(1)). Section 21.153 of the Labor Code provides that a local commission may "cooperate or contract with a person, including an agency of the federal government or of another state or municipality." TEX.LAB.CODE ANN. 21.153(a)(2). In addition, the Legislature has expressly granted investigatory and conciliatory powers to local commissions.[3] *See* TEX.

---

**3.** Section 21.154(a) provides:

If the federal government or the Commission on Human Rights refers a complaint alleging a violation of this chapter to a local commission or defers jurisdiction over the subject matter of the complaint to a local commission, the local commission may receive, investigate, conciliate, or rule on the complaint and may file a civil action to carry out the purposes of this chapter.

LAB.CODE ANN. § 21.154(a). The Labor Code also establishes a deferral system between the Commission and local commissions. Specifically, the statute provides that:

(a) The Commission on Human Rights shall refer a complaint concerning discrimination in employment because of race, color, disability, religion, sex, national origin, or age that is filed with that commission to a local commission with the necessary investigatory and conciliatory powers if:

(1) the complaint has been referred to the Commission on Human Rights by the federal government; or

(2) jurisdiction over the subject matter of the complaint has been deferred to the Commission on Human Rights by the federal government.

TEX.LAB.CODE ANN. § 21.155(a).

Clearly, the Legislature has given the Commission express authority to promote the creation of local commissions for local enforcement of state and federal employment discrimination laws. It is based on statutory authority to promote the creation of local commissions by cooperating or contracting with federal agencies that we find that the Commission has necessarily been empowered to enter into cooperative agreements with the EEOC on behalf of itself and local commissions, that is, EEOC-designated Fair Employment Practices Agencies (FEPAs), for the purpose of providing for an efficient procedure for deferral and processing of individuals' complaints pursuant to Title VII of the Civil Rights Act of 1964, as amended, within state and local jurisdictions.[4] We conclude that the Worksharing Agreement at issue here, is such an agreement. Therefore, given the Commission's statutory authority to cooperate and contract with federal agencies, it is of little import that Section 21.201 does not specifically provide that the Commission may designate the EEOC as an agent for purposes of filing a complaint with the Commission. The limited designation of the EEOC as an agent for the purpose of establishing an integrated and cooperative administrative process for local enforcement of state and federal discrimination claims clearly falls within those powers, which are reasonably necessary for the Commission to fulfill the express functions and duties delegated to the Commission by the Legislature.

■ Turning to the 1999 Worksharing Agreement, we first note that it specifically addresses the entities' agreement with respect to the initial filing of charges of discrimination. Pursuant to the Agreement, both the EEOC and the Commission are limited agents of each other for the purpose of receiving and drafting charges, including those that are not jurisdictional with the agency. The Agreement expressly states that "[t]his delegation of authority to receive charges does not include the right of one Agency to determine the jurisdiction of the other Agency over the charge." We observe that Agreement's

---

TEX.LAB.CODE ANN. § 21.154(a).

4. Effective September 27, 2005, the Civil Rights Division adopted the following rule with regard to workshare agreements: "The Agency shall enter into workshare agreements with EEOC and local commissions to ensure an effective and integrated administrative review procedure, share information, and provide technical assistance and training." 30 TEX.REG. 3846 (2005), adopted 30 TEX.REG. 6065 (2005)(to be codified at 40 TEX.ADMIN.CODE § 819.76). In comments on the adopted rules, the Texas Workforce Commission notes that it adopted § 819.76 "to specify the means by which the Agency and a local commission shall officially coordinate efforts to process employment discrimination complaints." 30 TEX.REG. 6070 (2005).

use of the term "jurisdiction" is a reference to each entities' right to determine its jurisdiction over any particular charge and its ultimate disposition, not a reference to the trial court's right to determine its jurisdiction over a state claim, as asserted by Appellee.

██ We also note that under the Agreement, though limited, the EEOC's role as an agent clearly turns on whether it is receiving charges on behalf of the Commission, as compared to receiving charges for the EEOC itself. Notably, unlike for federal claims, there is nothing in the Agreement that suggests that the EEOC's receipt of charges on the Commission's behalf will automatically initiate state proceedings for purposes of the state law. Therefore, we cannot agree with the Appellants that the mere filing of a complaint with the EEOC is automatically the equivalent of filing a direct complaint with the Commission and thus, consequently, we decline to take the holdings of *Urrutia* and *Griffin* outside their proper context. *See e.g., Price v. Philadelphia Am. Life Ins. Co.*, 934 S.W.2d 771, 773–74 (Tex. App.-Houston [14th Dist.] 1996, no writ)(relying on the *Griffin* opinion as authority for the appellant's Section 21.201 compliance, based on the *Griffin* court's determination that "upon the EEOC's re-

ceipt of the complaint, the TCHR, for all legal and practical purposes, received the complaint. As in *Urrutia*, we hold here that once the TCHR received Mr. Griffin's complaint, even if only nominally, proceedings were instituted within the meaning of section 706(e)[Civil Rights Act, now 42 U.S.C.A. § 2000e–5(e)(1) ].").

██ Nevertheless, we still find that the Appellants timely filed their complaints with the Commission, even if only nominally. In their original charge forms, the Appellants inserted "Texas Human Rights Commission" as the state agency to receive the charge, but they neglected to check the box that stated, "I want this charge filed with both the EEOC and the State or local Agency, if any." Regardless of the Appellants' omissions, the local EEOC director, Robert Calderon, testified that it was local established procedure that every charge it receives is forwarded to the Commission. Indeed, they simply ignore the dual-filing box and, according to Mr. Calderon, "[their] new forms don't even have the box anymore." Mr. Calderon explained that his office is authorized to receive charges for the Commission and as a matter of local EEOC policy, every charge it receives is forwarded to the Commission.[5] With regard to Appellants'

---

**5.** At the time Appellants filed their complaints, former Section 327.1(c) of the Commission's rules provided that: "The complaint shall be filed at the commission office ... at an office of a local commission, or at an office of the federal government." *See* 22 Tex.Reg. 1333 (1997). Further, former Section 325.2(b) stated "[f]or a complaint deferred to the commission by the federal government, timeliness of the complaint shall be measured by the date on which the complaint is received by the federal government for the purpose of satisfying the filing requirements of the Texas Labor Code § 21.201." 22 Tex.Reg. 1331 (1997). The adopted rules of the Civil Rights Division currently provide that: "The complaint shall be filed in writing and under

oath, and may be filed with CRD by mail, fax, or in person with: (1) the CRD office on a CRD-provided form; (2) an EEOC office; or (3) a local commission office recognized by EEOC as a Fair Employment Practices Agency." 30 Tex.Reg. 3843 (2005), adopted 30 Tex.Reg. 6065 (2005)(to be codified at 40 Tex.Admin.Code § 819.41(c)). Further, Section 819.71 of the current adopted rules states:

For the purpose of satisfying the filing requirements of Texas Labor Code § 21.201, the following shall apply:

(1) For a complaint filed with CRD over which EEOC has deferred jurisdiction, timeliness of the complaint shall be de-

complaints, the EEOC case log sheets show that the EEOC transmitted the charges to the Commission by regular mail. The EEOC case files, however, contained no evidence that the Commission actually received Appellants' charges. Specifically, there were no acknowledgments of receipt from the Commission on the Appellants' Form 212s. Further, the Commission had no records on file regarding the Appellants' employment discrimination complaints. Thus, we conclude there is strong jurisdictional evidence that EEOC transmitted the Appellants' complaints, but that the Commission never received those complaints.

■ Appellees contend that this case is similar to *Smith v. University of Texas Southwestern Medical Center of Dallas,* 101 S.W.3d 185, 188 (Tex.App.-Dallas 2003, no pet.), in which the appellant merely reported her claim to the EEOC, did not request dual-filing, and presented no evidence that the Commission ever "received, investigated, or resolved her complaint in any fashion." The *Smith* Court held that the appellant had failed to exhaust her administrative remedies under the Texas Labor Code. However, unlike the facts in *Smith,* the Appellants put forth jurisdictional evidence to support their assertion that their complaints were filed with the EEOC, which had received their complaints on the Commission's behalf, and then subsequently transmitted those complaints to the Commission. Despite Appellee's contentions, under the Act, an aggrieved employee is only required to file their complaint with the Commission within 180 days of the alleged discriminatory act, wait 180 days before filing suit, and then file his suit no later than two years after the complaint was filed with the Commission. *See Schroeder,* 813 S.W.2d at 488; *Fletcher,* 63 S.W.3d at 922. For purposes of the statute, the Appellants nominally filed their complaints with the Commission when the EEOC, the Commission's designated agent for receiving such complaints, forwarded the Appellants' complaints to the Commission. Thus, we conclude that the state administrative review process was initiated by the EEOC's transmittal of the Appellants' complaints to the Commission.

■ We wholly recognize that this case demonstrates an apparent breakdown in the administrative system established between the Commission and the EEOC. This failure in the system is to blame for the Commission's lack of receipt and inability to investigate Appellants' complaints itself. Though unfortunate, this has no consequence on the Appellants' burden to meet the exhaustion requirements because the Appellants are not required to show that the Commission actually received their complaints and investigated them. *See e.g., Burgmann Seals America, Inc. v. Cadenhead,* 135 S.W.3d 854, 857–58 (Tex. App.-Houston [1st Dist.] 2004, pet. denied)(appellant sufficiently filed his complaint with TCHR by filing with the EEOC and checking the box for simultaneous filing with the TCHR and exhausted his remedies by filing suit within the statu-

termined by the date the complaint is received by CRD.

(2) For a complaint filed with EEOC and deferred to CRD, timeliness of the complaint shall be determined by the date on which the complaint is received by EEOC.

(3) For a complaint filed with a local commission and deferred to CRD, timeliness of the complaint shall be determined by the date on which the complaint is received by the local commission.

30 Tex.Reg. 6082 (2005)(to be codified at 40 Tex.Admin.Code § 819.71)(proposed July 1, 2005).

tory time frame). Because the Appellants timely filed their complaints with the Commission, though nominally, and undisputedly met the remaining exhaustion requirements, we conclude that the trial court had subject matter jurisdiction over the Appellants' claims. Therefore, the trial court erred in granting the plea to the jurisdiction. Appellants' sole issue is sustained.

For the reasons stated above, we reverse the trial court's order and remand the case to the trial court for further proceedings.