COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




EL PASO COUNTY, TEXAS,

                            Appellant,

v.


GABRELLE NAVARRETE,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-05-00271-CV

Appeal from the

327th District Court 

of El Paso County, Texas 

(TC# 2004-085) 




O P I N I O N

           This is an appeal from the trial court’s denial of a plea to the jurisdiction against
Appellant El Paso County. In a single issue on appeal, Appellant contends the trial court
erred in denying its plea to the jurisdiction with respect to the retaliation claims added to
Appellee’s amended petition because the Appellee failed to exhaust her administrative
remedies under the Texas Commission on Human Rights Act (“TCHRA” or “the Act”)
before she filed her lawsuit in district court. We reverse the judgment of the trial court.I. FACTUAL AND PROCEDURAL BACKGROUND
           In January 1982, Ms. Gabrelle Navarrete, Appellee, was hired by El Paso County and
throughout the years, received several promotions; her last position was Assistant Director
of Facilities and Entertainment. On May 19, 2003, Appellee was informed that due to a
reduction in force, her position was going to be eliminated. At the discretion of the director
of the coliseum, Brian Kennedy, eight positions out of twenty-five full-time positions at the
coliseum were eliminated and five new positions were created. Although the reason for the
reduction in force was to save money, Mr. Kennedy hired new employees, including the
daughter of an assistant coliseum director, and increased the pay of two other coliseum
employees. The new positions created that were originally held by Appellee and another
employee, Kelly Heidtman, were the only two positions that listed a lower salary than before. 
Appellee’s position was re-titled Assistant Director of the Coliseum. Appellee applied for
this new position but was not rehired.
           On June 23, 2003, Appellee filed a charge of discrimination with the TCHR and the
EEOC. In the charge, Appellee provided that the discrimination was based on sex and listed
the following as the particulars of the complaint:
I. A. On May 19, 2003, I was advised that my position (along with four
others) was going to be eliminated. We were told that the positions would be
reevaluated, renamed, and we could apply for reinstatement. My position,
“Assistant Director of Facility & Entertainment”, has been retitled “Assistant
Director/Coliseum”; but I was not reinstated/rehired. (The other female whose
position was eliminated/retitled was also not retained.) The three males who
were affected, were all retained, and two were even promoted and received an
increase in pay.
 
B. On June 06, 2003, I was officially discharged, but not rehired, after my
position was retitled.
 
II. A. Brian Kennedy did not rehire me. No specific reason was given me for
the actions of not retaining me to the position once it was retitled.
 
B. Brian Kennedy discharged me leading me to believe that I would be
retained after the position was retitled, and reopened.
 
III. I believe I was discriminated against, as described above, in that I was
discharged, and not rehired/reinstated, after my old position was eliminated
and then retitled. Since the males were actually retained, I believe I was not
retained because of my sex, female, in violation of Title VII, of the Civil Act
of 1964, as amended.

           On June 23, 2003, Jose N. Gurany, the Enforcement Supervisor for the EEOC, sent
a letter to Mr. Kennedy requesting that he submit information requested regarding Appellee’s
claim as part of the EEOC’s investigative measures. On September 12, 2003, Mr. Gurany
sent Appellee a letter which contained the following:
 
The purpose of this letter is to advise you of the information in your charge
referenced above, which will be used to make a determination. 
You have alleged that after having your position eliminated, you were not
selected to fill the new position titled, “Assistant Director/Coliseum,” because
of your sex, female.
 
It is Respondent’s position that noone [sic] has been selected to fill the
position in question, therefore, you can’t possibly be the victim of
discrimination for non-selection.
 
At this time, the information in the file does not support your allegations. If
you have any new, relevant information for your case which you feel rebuts the
employer’s position, please provide it to me within ten days from the date of
this letter. If no significant information is received which impacts the status
of your case, it will be dismissed.

           On January 7, 2004, Appellee filed Plaintiff’s Original Petition, where she alleged
gender discrimination and retaliation. El Paso County filed an Original Answer, followed
by a First Amended Original Answer where it asserted the affirmative defense of
governmental immunity. In response, Appellee filed a First Amended Petition. In its facts
section, Appellee added the following facts:
On or about January 10, 2003, co-worker Kelly Heidtman made a sexual
harassment complaint to Brian Kennedy and advised him that untrue and
offensive rumors were being spread by two male employees. Defendant’s
employees Cory Herman and Cory Heon were telling co-workers that Plaintiff
was having sex during her lunch hour; that her hair was flat in the back
because she just had sex; she’s [sic] doesn’t have any lipstick on because she
just finished giving a blowjob; and that she used cocaine.

           Furthermore, according to the First Amended Petition, after the complaint was made,
Mr. Kennedy demanded to know the source of such information and Ms. Heidtman advised
him that she had received the information from Appellee and another employee, Isabel
Flores. Thereafter, Mr. Kennedy transferred Ms. Flores, who was originally hired for a
secretarial position, to the Sportspark, where she was required to perform physical work,
work in the evenings, and work in a dangerous location. Ms. Flores was additionally forced
to request a transfer and accept a lower paying position in another El Paso County
department. While Appellee’s gender discrimination claim remained the same, her
retaliation claim did not. In her retaliation claim, she asserted “that her involvement as a
witness in the sexual harassment complaint of Kelly Heidtman [was] a motivating factor and
consideration in Defendant’s decision to eliminate her position, terminate her employment
and not re-hire her for other positions . . . .” Appellee also claimed that the filing of the June
23, 2002 EEOC discrimination complaint was an additional motivating factor for her
termination.
           Appellant responded by filing a combined plea to the jurisdiction and motion for
summary judgment.


 The plea to the jurisdiction was “based on the [Appellee’s] failure to
exhaust her administrative remedies regarding her claims of retaliation.” Appellant asserted
in its plea to the jurisdiction, that in order to invoke the trial court’s subject matter
jurisdiction to adjudicate a claim under the Texas Labor Code, the complaining party must
first present the claim to the commission. Unless the claim is presented to the commission,
the complaining party does not have the right to adjudicate the claim in a judicial court. 
Appellant states that the trial court does not have subject matter jurisdiction over any
retaliation claims since these allegations were not presented to the EEOC/TCHR, and
therefore Appellee does not have a right to have such claims adjudicated by the trial court. 
           Appellee filed a response to both the plea to the jurisdiction and the motion for
summary judgment. In her response to the plea to the jurisdiction, Appellee argued that
filing an administrative charge is no longer a jurisdictional requirement. Furthermore,
Appellee argued that while her retaliation claim was not expressly presented in her
administrative charge, her retaliation complaint is like or related to the charge’s allegations,
limited only by the scope of the investigation that could reasonably be expected to grow out
of the discrimination charges.
           After holding a hearing, the trial court denied Appellant’s plea to the jurisdiction. 
This appeal follows.
 

II. DISCUSSION
           In a single issue on appeal, Appellant asserts that the trial court erred when it denied
its plea to the jurisdiction regarding Appellee’s claims raised for the first time in her First
Amended Petition. Appellant contends that Appellee’s added claims to her First Amended
Petition were not “part of her administrative charge nor was the County advised that any such
claims were being made . . . .” Appellee responds by first asserting that this Court lacks
jurisdiction to consider this appeal because Appellant’s basis for its plea to the jurisdiction--the inadequacy of Appellee’s administrative charges of discrimination--is not a jurisdictional
requisite.
           Appellee argues that the Texas Supreme Court case, Dubai Petroleum Co. v. Kazi, 12
S.W.3d 71 (Tex. 2000), has abrogated the authorities stating that the TCHRA’s filing
requirement is jurisdictional, specifically Specialty Retailers, Inc. v. DeMoranville, 933
S.W.2d 490, 492 (Tex. 1996) and Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483 (Tex.
1991). She asserts that Dubai abrogates the line of authority which provided the
underpinning for its statements in Specialty Retailers and Schroeder, that the filing of an
administrative charge under the TCHRA is a jurisdictional requirement.
           In Czerwinski v. The University of Texas Health Science Center at Houston School
of Nursing, 116 S.W.3d 119 (Tex. App.--Houston [14th Dist.] 2002, pet. denied), an age
discrimination case, the appellant raised a single issue contending that the trial court erred
in concluding that the filing requirements prescribed under the Act are jurisdictional. See
Czerwinski, 116 S.W.3d at 120. The appellant in that case argued that Dubai stands for the
proposition that failure to comply with statutory requirements is not jurisdictional, but an
issue the parties may raise on the merits. Id. at 122. The court stated,
The TCHR was created by the legislature to correlate state law with federal
law in the area of employment discrimination. Schroeder, 813 S.W.2d at 485. 
Therefore, before filing an employment discrimination claim, one must comply
with the statutory mandates of the TCHR. We agree with the line of cases
holding that failure to comply with the Act results in the trial court lacking
jurisdiction. Id. at 487 n.10; see also Caballero, 872 S.W.2d at 7; Brammer,
838 S.W.2d at 848; Eckerdt, 802 S.W.2d at 71. We are not persuaded that
Dubai overruled those cases or should apply to purely statutory causes of
action created by the legislature. Accordingly, we hold that [Appellant’s]
failure to exhaust administrative remedies deprived the trial court of subject
matter jurisdiction.

See id. In this case, Appellant further urges us to consider recent federal case law and find
that while the filing of an administrative complaint is mandatory, it is not jurisdictional.


 
While we may look to federal law, we find that Texas courts have construed the state law
provisions to be mandatory and jurisdictional and as such, we decline to be guided by federal
law on this issue. Contrary to Appellee’s assertions, after reviewing Appellant’s plea to the
jurisdiction, we find that the substance of the plea to the jurisdiction questions Appellee’s
failure to exhaust her administrative remedies, and an appeal from such a denial grants
jurisdiction for this Court to consider.


 We find that Appellant used the proper procedural
vehicle to confer jurisdiction on this Court to consider this appeal. We now turn to
Appellant’s issue on appeal.
Standard of Review 
           A plea to the jurisdiction is the vehicle by which a party contests the trial court’s
authority to decide a case. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000); 
TRST Corpus, Inc. v. Fin. Ctr., Inc., 9 S.W.3d 316, 320 (Tex. App.--Houston [14th Dist.]
1999, pet. denied). It is a dilatory plea, the purpose of which is to defeat the cause of action
without addressing the merits of the case. TRST Corpus, Inc., 9 S.W.3d at 320. The plaintiff
bears the burden of alleging facts that affirmatively show the trial court has subject matter
jurisdiction. Id. Because the question of subject matter jurisdiction is a legal question, we
review the trial court’s ruling on a plea to the jurisdiction de novo. Id.
           Under Chapter 21 of the Labor Code, it is unlawful for an employer to discriminate
against an employee with respect to compensation or the terms, conditions, or privileges of
employment because of race, color, disability, religion, sex, or national origin. Tex. Lab.
Code Ann. § 21.051 (Vernon 2006). This chapter also prohibits retaliation by an employer
against a person who filed a charge of employment discrimination. See id. § 21.051(2). The
Texas Legislature modeled Chapter 21 after federal law for the express purpose of carrying
out the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments. 
See id. § 21.001(1); Soto v. El Paso Natural Gas Co., 942 S.W.2d 671, 677 (Tex. App.--El
Paso 1997, writ denied). Consequently, when reviewing an issue brought under Chapter 21,
we may look not only to cases involving the state statute, but also to cases interpreting the
analogous federal provisions. See Specialty Retailers, Inc. v. DeMoranville, 933 S.W.2d 490,
492 (Tex. 1996); Bowen v. El Paso Elec. Co., 49 S.W.3d 902, 908 (Tex. App.--El Paso
2001, pet. denied).
           The Texas Commission on Human Rights Act maintains a comprehensive
administrative review system for obtaining relief from unlawful employment practices. 
Schroeder, 813 S.W.2d at 485. Before suing in state court, an employee must exhaust her
administrative remedies under the Act by first filing a complaint with the TCHR within 180
days of the alleged discriminatory act.


 Id.; Tex. Lab. Code Ann. § 21.202(a) (Vernon
2006). This affords the TCHR the opportunity to investigate the allegation, informally
eliminate any discrimination and minimize costly litigations. See Tex. Lab. Code Ann. §§
21.203, 21.204(a), 21.207(a) (Vernon 2006). Failure to comply deprives the court of subject
matter jurisdiction. Schroeder, 813 S.W.2d at 485-89; Balli v. El Paso Independent School
District, No. 08-04-00034-CV, 2006 WL 565827, at *3 (Tex. App.--El Paso March 9, 2006,
no pet.). In other words, unless and until an employee timely submits her complaint to the
TCHR, the courts of Texas are barred from adjudicating that complaint. Schroeder, 813
S.W.2d at 485-89; Balli, 2006 WL 565827, at *3; Stinnett v. Williamson County Sheriff’s
Dept, 858 S.W.2d 573, 576 (Tex. App.--Austin 1993, writ denied). A lawsuit under the Act
is limited to claims made in the discrimination complaint and “factually related claims that
could reasonably be expected to grow out of the Commission’s investigation of the charge.” 
Thomas v. Clayton Williams Energy, Inc., 2 S.W.3d 734, 738 (Tex. App.--Houston [14th
Dist.] 1999, no pet.). Appellee’s administrative charge filed with the EEOC office alleged
that unlawful employment practices had been taken against her based on her sex. The charge
contained no allegations regarding unlawful employment practices being taken against her
based on the information she provided to Ms. Heidtman which is the basis of her retaliation
claim alleged for the first time in her First Amended Petition. In this case, the retaliation
claims could not be expected to grow out of Appellee’s charge. As such, we find that
Appellee failed to exhaust her administrative remedies with respect to her retaliation claims
and as such, is precluded from raising them for the first time in her First Amended Petition. 
For this reason, with respect to the retaliation claim, the trial court is without jurisdiction to
consider this claim. We sustain Issue No. One.
           Having sustained Appellant’s sole issue on review, we reverse the denial of the plea
to the jurisdiction and render judgment dismissing Appellee’s retaliation claims against
Appellant for lack of subject matter jurisdiction. We deny as moot Appellee’s motion to
dismiss appeal for want of jurisdiction.
                                                                  RICHARD BARAJAS, Chief Justice

May 18, 2006

Before Panel No. 5
Barajas, C.J., McClure, and Parks, JJ.
Parks, J., sitting by assignment