Opinion issued December 11, 2008











     





In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00327-CV




CORNELIUS C. SULLIVAN, JR., D.D.S., Appellant

V.

THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT
HOUSTON DENTAL BRANCH, PETER T. TRIOLO, JR., D.D.S.,
CATHERINE M. FLAITZ, D.D.S., AND JAMES T. WILLERSON, M.D.,
Appellees




On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2007-11197


 


MEMORANDUM OPINION

          Appellant, Cornelius C. Sullivan, Jr., D.D.S., brings this interlocutory appeal
from an order granting the plea to the jurisdiction filed by appellees, the University
of Texas Health Science Center at Houston Dental Branch, Peter T. Triolo, Jr.,
D.D.S., Catherine M. Flaitz, D.D.S., and James T. Willerson, M.D. In three issues,
Sullivan contends the trial court erred by granting the plea to the jurisdiction and
dismissing his (1) claims for age discrimination under the Age Discrimination
Employment Act of 1967 (ADEA),


 (2) his discrimination claims under the Texas
Commission on Human Rights Act (TCHRA),


 and (3) his due process claims under
the United States and Texas constitutions.


 We conclude the trial court did not err by
granting the plea to the jurisdiction and dismissing Sullivan’s claims. We affirm.BackgroundThe University of Texas Health Science Center at Houston Dental Branch (“the
University”) employed Sullivan through a series of term contracts as an associate
professor for 15 years, until he was terminated on September 1, 2004. At the time of
his termination, the University’s budget for fiscal year 2004–2005 listed Sullivan as
a salaried associate professor. Triolo, Flaitz, and Willerson held administrative
positions with the University at the time of Sullivan’s termination.
          After his termination, Sullivan filed a complaint with the Equal Employment
Opportunity Commission (EEOC) on April 28, 2005, 240 days after he was
terminated. On the form Sullivan filed, he indicated that the complaint was to be
dual-filed with both the EEOC and the Texas Commission on Human Rights. The
EEOC issued Sullivan a right-to-sue-letter. Sullivan filed suit in federal court, but
the court dismissed the suit for lack of jurisdiction. Sullivan then refiled suit against
the University, Triolo, Flaitz, and Willerson in state court, asserting causes of action
against the University for age discrimination in violation of the TCHRA, violation of
the ADEA, and violation of his right to due process under both the United States and
Texas constitutions. Sullivan also asserted a cause of action against Triolo, Flaitz,
and Willerson for defamation.
          The University, Triolo, Flaitz, and Willerson filed a plea to the jurisdiction. 
The trial court granted the plea to the jurisdiction, dismissing all of Sullivan’s claims
except for his claim for defamation.
Plea to the Jurisdiction Standard of Review
          A plea to the jurisdiction is a dilatory plea that challenges the trial court’s
subject matter jurisdiction. Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d
217, 225–26 (Tex. 2004). Whether the plaintiff has alleged facts that demonstrate
subject-matter jurisdiction is a question of law, which we review de novo. Id. at 226. 
Although we are not to reach the merits of the plaintiff’s case, when the plea to the
jurisdiction challenges the existence of jurisdictional facts, we consider the relevant
evidence submitted by the parties that is necessary to resolve the jurisdictional issue. 
Id. at 227. This procedure generally mirrors that of a summary judgment under rule
of civil procedure 166a(c). Id. at 228. The plaintiff has the initial burden to plead
facts affirmatively showing the trial court has subject matter jurisdiction. Id. at 226. 
The governmental unit then has the burden to assert that the trial court lacks subject
matter jurisdiction and must support that contention with evidence. Id. at 228. If it
does so, the plaintiff must raise a material fact issue regarding jurisdiction to survive
the plea to the jurisdiction. Id. If the evidence creates a fact issue concerning
jurisdiction, the plea to the jurisdiction should be denied. Id. If the evidence is
undisputed or fails to raise a fact issue concerning jurisdiction, the trial court rules on
the plea to the jurisdiction as a matter of law. Id.
Waiver of Sovereign ImmunityIn his first issue, Sullivan contends the trial court erred by granting the
University’s plea to the jurisdiction on the ground that Sullivan did not plead a valid
waiver of immunity for his ADEA claims. Sullivan asserts that the TCHRA waives
the States’ immunity for claims of age discrimination under the ADEA. Sullivan
contends that because the TCHRA has been interpreted to be substantially equivalent
to the ADEA, “[t]he clear deference given by the TCHRA to federal authority
establishes waiver of sovereign immunity under violations of age discrimination in
employment.” Sullivan cites no authority that expressly supports his position. 
          The United States Supreme Court has held the ADEA does not validly waive
the states’ sovereign immunity to a suit for damages by an individual. See Kimel v.
Fla. Bd. of Regents, 528 U.S. 62, 91, 120 S. Ct. 631, 650 (2000). The ADEA,
therefore, does not waive the state’s immunity. See id. Moreover, nothing in the
TCHRA waives the State’s immunity for ADEA claims; the TCHRA waives
immunity only for TCHRA claims for “unlawful employment practices.” See Tex.
Lab. Code Ann. §§ 21.002(4), 21.254 (Vernon 2006) (holding section 21.254
waivesing immunity by authorizing “complainant” to bring action and defining
“complainant” as “an individual who brings an action or proceeding under this
chapter”); Mission Consol. Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653, 660 (Tex.
2008). Sullivan does not identify any waiver of the State’s immunity from suit for a
private cause of action for damages for violations of the ADEA. We hold the trial
court did not err by granting the plea to the jurisdiction concerning Sullivan’s claims
under the ADEA.
          We overrule Sullivan’s first issue.
Timeliness of Filing
          In his second issue, Sullivan contends the trial court erred by granting the
University’s plea to the jurisdiction because his state law complaint was timely filed.
          “Texas law requires that a complaint of unlawful employment practices be filed
with the EEOC or the Texas Commission on Human Rights within 180 days after the
alleged unlawful employment practice occurred.” Davis v. Autonation USA Corp.,
226 S.W.3d 487, 491 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing Specialty
Retailers, Inc. v. DeMoranville, 933 S.W.2d 490, 492 (Tex. 1996)); see Tex. Lab.
Code Ann. § 21.202 (Vernon 2006) (entitled “Statute of Limitations”). “This time
limit is mandatory and jurisdictional.” Davis, 226 S.W.3d at 491 (citing Schroeder
v. Tex. Iron Works, Inc., 813 S.W.2d 483, 486 (Tex. 1991)). “Failure to timely file
an administrative complaint deprives Texas trial courts of subject-matter
jurisdiction.” Id. (citing Czerwinski v. Univ. of Tex. Health Sci. Ctr., 116 S.W.3d 119,
122 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); Vincent v. W. Tex. State
Univ., 895 S.W.2d 469, 473 (Tex. App.—Amarillo 1995, no writ)).
           Here, Sullivan did not file his complaint until April 28, 2005—240 days after
his termination. Thus, the trial court lacked jurisdiction. See Davis, 226 S.W.3d at
492. 
          Sullivan nevertheless contends that he timely filed his complaint under the
ADEA and argues that this should save his state complaint. Several courts have
addressed Sullivan’s contention and rejected it. DeMoranville v. Specialty Retailers,
Inc., 909 S.W.2d 90, 92 (Tex. App.—Houston [14th Dist.] 1995), rev’d on other
grounds by 933 S.W.2d 490 (Tex. 1996) (noting that, although ADEA time limit for
filing can be extended to 300 days, Texas 180 day limit is “not affected”); see Pope
v. MCI Telecomms. Corp., 937 F.2d 258, 264 (5th Cir. 1991) (noting that Texas “was
under no obligation to—and did not—provide a statute of limitations that matches
that contained within title VII,” and therefore Texas’s strict 180-day limitations
period must be followed for state claims under Texas law); Klebe v. Univ. of Tex.
Sys., No. 03-05-00527-CV, 2007 WL 2214344, at *3 (Tex. App.—Austin July 31,
2007, no pet.) (mem. op.) (holding complainant asserting TCHRA claims not entitled
to 300-day limit of ADEA, but had to comply with 180-day limit of Texas law). We
likewise reject Sullivan’s attempt to apply the federal limitations period to his state
law claims.
          To support this contention, Sullivan cites to EEOC v. Commercial Office
Products Co., 486 U.S. 107, 108 S. Ct. 1666 (1988) and Balli v. El Paso Independent
School District, 225 S.W.3d 260 (Tex. App.—El Paso 2006, pet. granted, judgment
vacated w.r.m.). However, neither case addresses whether filing a federal complaint
with the EEOC that may be timely under federal law can save a state law complaint
that was filed after the 180-day deadline provided by Texas law, which is the issue
before us. In Commercial Office Products, the Supreme Court addressed the
timeliness of filings under federal law, not state law.


 In Balli, the El Paso court of
appeals addressed whether a filing with the EEOC constituted a “nominal” filing with
the Commission. Neither opinion addresses whether federal procedures, which
include an extension of the 180-day filing deadline to 300 days in certain
circumstances, can or should be applied to the filing of a state complaint. 
          We conclude that the extension of time under the ADEA does not apply to state
law claims under the TCHRA. See Pope, 937 F.2d at 264; DeMoranville, 909 S.W.2d
at 92. Accordingly, we hold Sullivan’s complaint was untimely and the trial court
lacked jurisdiction. See Davis, 226 S.W.3d at 491. 
          We overrule Sullivan’s second issue.
Due Process
          In his third issue, Sullivan challenges the trial court’s granting of the
University’s plea to the jurisdiction, asserting that he properly pleaded a cause of
action and waiver of immunity. Although the University, Triolo, Flaitz, and
Willerson do not dispute that sovereign immunity is waived for due process claims,
they assert the trial court properly ruled it lacked jurisdiction on the ground that
Sullivan lacks standing to bring a due process claim because he has no protected
property interest in continued employment.
          In order to bring a due process claim, the plaintiff must assert a property
interest that is protected by the Fourteenth Amendment of the United States
Constitution or article I, section 19 of the Texas Constitution. See Bd. of Regents of
State Colls. v. Roth, 408 U.S. 564, 570–71, 92 S. Ct. 2701, 2705–06 (1972) (noting
“due process appl[ies] only to the deprivation of interests encompassed by the
Fourteenth Amendment’s protection of liberty and property”); see also Concerned
Cmty. Involved Dev., Inc. v. City of Houston, 209 S.W.3d 666, 671 (Tex.
App.—Houston [14th Dist.] 2006, pet. denied) (“The Due Process Clause is only
activated when there is some substantial liberty or property interest which is
deserving of procedural protections.”). If the plaintiff does not assert a protected
property interest, the trial court lacks jurisdiction over the suit. See Nat’l Collegiate
Athletic Ass’n v. Yeo, 171 S.W.3d 863, 870 (Tex. 2005) (holding Yeo “asserted no
interests protected by article I, section 19 of the Texas Constitution” and her claims
“must therefore be dismissed”); Concerned Cmty. Involved Dev., Inc., 209 S.W.3d at
672 (holding plaintiff lacked standing to bring due process claims absent protected
property interest); Stafford Mun. Sch. Dist. v. L.P., 64 S.W.3d 559, 564 (Tex.
App.—Houston [14th Dist.] 2001, no pet.) (holding trial court lacked jurisdiction
over due process claim in absence of “a constitutionally protected property or liberty
interest”).
          “To have a property interest in a benefit, a person clearly must have more than
an abstract need or desire for it. He must have more than a unilateral expectation of
it. He must, instead, have a legitimate claim of entitlement to it.” Yeo, 171 S.W.3d
at 870 n.19 (quoting Roth, 408 U.S. at 577, 92 S. Ct. at 2709). An employee under
a term contract has no vested property interest in the renewal of the contract and the
employee cannot show an entitlement to renewal when the employer “merely declined
to offer him another year of employment.” Govant v. Houston Cmty. Coll. Sys., 72
S.W.3d 69, 76 (Tex. App.—Houston [14th dist.] 2002, no pet.). 
          In his petition, Sullivan alleged the University violated his right to due process
by terminating him because he had a “vested property right” in his employment by
virtue of the University including him as a “salaried employee in the [University’s]
Budget for FY 2004–2005.” Sullivan cites no authority to support his position that
the University’s budget containing his salary for the coming year modified his year-to-year contract employment to “a legitimate claim of entitlement” in employment for
the fiscal year 2004–2005. See Yeo, 171 S.W.3d at 870 n.19 (quoting Roth, 408 U.S.
at 577, 92 S. Ct. at 2709). We conclude that Sullivan did not plead facts showing he
had a protected property interest that should be protected by due process. 
Accordingly, we hold the trial court did not err by granting the plea to the jurisdiction
and dismissing Sullivan’s due process claims.
          We overrule Sullivan’s third issue.




Conclusion
          We affirm the judgment of the trial court.



                                                             Elsa Alcala
                                                             Justice

Panel consists of Justices Taft, Keyes, and Alcala.